

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARQUET ANTWAIN BURGESS<br>MATTOX,**<br>**aka MARQUET ANTWAIN<br>BURGESS MATTOX EL,**<br>**aka MARQUET BURGESS<br>MATTOX,**<br>**aka ASIM ASHUNTA EL,**<br>**aka ASIM EL BEY,**<br><br>**Defendant** | **CASE NO.  3:20-CR-** 44(CAR)<br><br>**VIOLATIONS:**<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 287<br>18 U.S.C. § 641<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

## COUNTS ONE THROUGH NINE

### Wire Fraud
### 18 U.S.C. § 1343

1.      At all times material to this Indictment:

a.      The Internal Revenue Service (IRS) was an agency of the United States Department of the Treasury. For the tax years 2015 and 2016, the IRS provided that estates and trusts entitled to a refund of federal income taxes could claim that refund by submitting a Form 1041 United States Income Tax Return for Estates and Trusts.

b.      On the Form 1041 return, the estate or trust was required to provide the estate's or trust's name and address, the name and title of its fiduciary, its Employer Identification Number (EIN), its total income for the tax year, the

amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed.

      c.    The IRS relied upon information from submitted Forms 1041 in determining and issuing refunds. After receiving this information, the IRS issued a refund to the taxpayer by mail, among other methods, if the trust or estate appeared to be entitled to a refund and there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

      2.    Beginning no later than September 10, 2016, and continuing through at least August 10, 2018, in the Middle District of Georgia, Athens Division, and elsewhere,

**MARQUET ANTWAIN BURGESS MATTOX, aka**
**"MARQUET ANTWAIN BURGESS MATTOX EL," aka**
**"MARQUET BURGESS MATTOX," aka**
**"ASIM ASHUNTA EL," aka**
**"ASIM EL BEY,"**

Defendant herein, aided and abetted by others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud the Internal Revenue Service, and to obtain money by means of materially false and fraudulent pretenses, representations, and omissions, as described in the following paragraphs.

      3.    In furtherance of the scheme to defraud, Defendant filed and caused to be filed false and fraudulent Form 1041 U.S. Income Tax Returns with the IRS for tax years 2015 through 2017 for the following twelve entities:

        1.    Kemahra Investment Trust

        2.    Burgess Mattox Bey Investment Trust

        3.    Burgess Mattox Bey Trust

4.   Marquet Antwain Burgess Mattox Trust

5.   Kamilya Investment Trust

6.   Kamili Investment Trust

7.   Watson El Trust

8.   Marshana El Investment Trust

9.   Asim El Bey Trust

10.   Eric Marice Baldwin El Trust

11.   Nwatson Trust

12.   Nycholas Kemahra Mattox El

4.     It was part of the scheme to defraud that for the above trusts, Defendant falsely claimed or caused to be falsely claimed on a total of at least thirty different Form 1041 tax returns that 1) the entity had earned fictitious "interest" income; and 2) federal income taxes had been withheld and paid to the IRS, entitling the trusts to refunds. In this manner, Defendant falsely and fraudulently claimed tax refunds for these purported trusts in the amount of approximately $165,212,271.00

5.     Defendant knew at the time he caused the submission of these Forms 1041 for tax years 2015 through 2017 that none of these trusts had any business activities, that the trusts had not earned the income as claimed, and that the withholding payments had in fact not been made to the IRS as claimed.

6.     On or about the dates set forth below, for the purpose of executing and attempting to execute the aforementioned scheme, and to obtain money and property by false and fraudulent pretenses, representations, and omissions, Defendant, with intent to defraud, caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, the false

and fraudulent tax returns as listed below, each transmission constituting a separate count of this Indictment:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| 1 | September 10, 2016 | Form 1041 Tax Return for Kemahra Investment Trust, for tax year 2015 |
| 2 | September 22, 2016 | Form 1041 Tax Return for Burgess Mattox Bey Investment Trust, for tax year 2015 |
| 3 | March 2, 2017 | Form 1041 Tax Return for Kemahra Investment Trust, for tax year 2016 |
| 4 | September 22, 2017 | Form 1041 Tax Return for Burgess Mattox Bey Trust, for tax year 2016 |
| 5 | November 17, 2017 | Form 1041 Tax Return for Burgess Mattox Bey Trust, for tax year 2016 |
| 6 | November 18, 2017 | Form 1041 Tax Return for Burgess Mattox Bey Investment Trust, for tax year 2016 |
| 7 | November 18, 2017 | Form 1041 Tax Return for Kemahra Investment Trust, for tax year 2016 |
| 8 | August 10, 2018 | Form 1041 Tax Return for Burgess Mattox Bey Investment Trust, for tax year 2015 |
| 9 | August 10, 2018 | Form 1041 Tax Return for Kemahra Investment Trust, for tax year 2015 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TEN THROUGH NINETEEN

### False Claims against the United States Government
### 18 U.S.C. § 287

7.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 6 of this Indictment as if fully set forth herein.

8.     On or about the dates set forth below, each date constituting a separate count of this Indictment, in the Middle District of Georgia, and elsewhere,

4

**MARQUET ANTWAIN BURGESS MATTOX, aka
"MARQUET ANTWAIN BURGESS MATTOX EL," aka
"MARQUET BURGESS MATTOX," aka
"ASIM ASHUNTA EL," aka
"ASIM EL BEY,"**

Defendant herein, made, presented, and caused to be presented to the Internal Revenue Service, an agency of the United States Department of the Treasury, a claim for payment of a fraudulent tax refund in each amount set forth below, knowing that such claim was false, fictitious, and fraudulent. Defendant made each false claim by submitting IRS Form 1041 tax returns falsely indicating the taxpayer earned income, paid withholding to the IRS, and was entitled to a tax refund in the following amounts:

| Count | Date | Taxpayer Name | Tax Year | False Income Claimed | False Withholding Claimed | Refund Claimed |
|---|---|---|---|---|---|---|
| 10 | September 10, 2016 | Kemahra Investment Trust | 2015 | $155,000 | $65,068 | $9,932 |
| 11 | September 22, 2016 | Burgess Mattox Bey Investment Trust | 2015 | $4,881,000 | $2,440,000 | $323,848 |
| 12 | January 13, 2017 | Burgess Mattox Bey Trust | 2015 | $23,421,837 | $23,421,000 | $13,258,124 |
| 13 | March 2, 2017 | Kemahra Investment Trust | 2016 | $9,975,000 | $4,987,500 | $660,569 |
| 14 | September 22, 2017 | Burgess Mattox Bey Trust | 2016 | $250,000 | $600,000 | $502,744 |
| 15 | November 17, 2017 | Burgess Mattox Bey Trust | 2016 | $17,660,000 | $17,660,000 | $9,997,779 |
| 16 | November 18, 2017 | Burgess Mattox Bey Investment Trust | 2016 | $17,660,000 | $17,660,000 | $9,997,779 |
| 17 | November 18, 2017 | Kemahra Investment Trust | 2016 | $17,660,000 | $17,660,000 | $9,997,779 |
| 18 | August 10, 2018 | Burgess Mattox Bey Investment Trust | 2015 | $4,881,000 | $4,881,000 | $2,764,804 |
| 19 | August 10, 2018 | Kemahra Investment Trust | 2015 | $155,000 | $155,000 | $89,888 |

All in violation of Title 18, United States Code, Section 287.

## COUNT TWENTY

### Theft of Government Funds
### 18 U.S.C. § 641

9.     The Grand Jury re-alleges and incorporates by reference paragraph 1 of this Indictment as if fully set forth herein.

10.     Between on or about September 22, 2016, and on or about November 7, 2017, in the Middle District of Georgia, and elsewhere,

**MARQUET ANTWAIN BURGESS MATTOX, aka
"MARQUET ANTWAIN BURGESS MATTOX EL," aka
"MARQUET BURGESS MATTOX," aka
"ASIM ASHUNTA EL," aka
"ASIM EL BEY,"**

Defendant herein, did willfully and knowingly steal, purloin, and convert to his own use, approximately $2,897,192.74 in United States funds administered by the IRS in the form of federal income tax refunds issued to "Burgess Mattox Bey Investment Trust,";

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE NOTICE
(18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.     The allegations contained in Counts One through Nine and Twenty of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Nine, and Title 18, United States Code, Section 641 set forth in Count Twenty of this Indictment, the defendant,

**MARQUET ANTWAIN BURGESS MATTOX, aka**
**"MARQUET ANTWAIN BURGESS MATTOX EL," aka**
**"MARQUET BURGESS MATTOX," aka**
**"ASIM ASHUNTA EL," aka**
**"ASIM EL BEY,"**

shall forfeit to the United States of America any property, real or personal, which constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of said violation(s) including, but not limited to the following: i.) a personal money judgment in an amount to be determined; and ii.) the real property located at 1054 Morgan Garner Drive, Lilburn, Gwinnett County, Georgia, including any appurtenances and improvements thereon, more particularly described as:

> BEING KNOWN AND DESIGNATED AS ALL THAT certain lot, piece of land situate, lying and being in the City of Atlanta. LEGAL DESCRIPTION: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 93 OF THE 6th DISTRICT, GWINNETT COUNTY, GEORGIA BEING LOT 83, BLOCK A, GARNER CREEK AT PARKVIEW SUBDIVISION, PHASE 1, AS PER PLAT RECORDED IN PLAT BOOK 124, PAGES 66-69, GWINNETT COUNTY RECORDS, SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE THERETO.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c) through Title 18, United States Code, Section

981(a)(1)(C).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

PRESENTED BY:

CHARLES E. PEELER
UNITED STATES ATTORNEY

LYNDIE M. FREEMAN
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this __17__ day of September AD 2020.

Deputy Clerk

8