IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| V. : | |
| : | No. 3:20-CR-44-CAR-1 |
| MARQUET ANTWAIN BURGESS, : | |
| MATTOX, : | |
| a/k/a MARQUET ANTWAIN : | |
| BURGESS MATTOX EL, : | |
| a/k/a MARQUET BURGESS MATTOX : | |
| a/k/a ASIM ASHUNTA EL, : | |
| a/k/a ASIM EL BEY, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER ON MOTION TO DISMISS INDICTMENT**

Before the Court is *pro se* Defendant Marquet Mattox's "Motion / Demand for Abatement," in which he seeks to dismiss the indictment.[1] On September 17, 2020, the Government charged Defendant in a multi-count indictment with nine counts of wire fraud; ten counts of submitting false claims to the United States Government; and one count of theft of government funds.

Defendant's arguments for dismissal center around his contention that he is a sovereign citizen and is therefore immune to prosecution. Defendant contends the

---

[1] At a *Faretta* inquiry on October 23, 2020, U.S. Magistrate Judge Charles Weigle found Defendant knowingly and voluntarily waived his right to counsel, allowed Defendant to represent himself, and appointed standby council. Defendant also executed a *Faretta* waiver [Doc. 22]. *See Faretta v. California*, 422 U.S. 806, 807 (1975).

1

indictment is invalid because (1) his name is "fictitious"; (2) the government violated his copyright in his own name; and (3) he is protected by contract law. Defendant's arguments are frivolous and entirely lacking in legal merit.[2] Therefore, Defendant's Motion [Doc. 7] is **DENIED**.

    **SO ORDERED,** this  28th day of October, 2020.

                                    s/C. Ashley Royal
                                    C. ASHLEY ROYAL, SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

---

[2] *See United States v. Hakim*, No. 1:18-CR-126-MLB-AJB, 2018 WL 6184796, at *1 (N.D. Ga. Aug. 22, 2018), report and recommendation adopted, No. 1:18-CR-00126, 2018 WL 4791085 (N.D. Ga. Oct. 4, 2018) (finding similar fictitious name arguments to be "largely incoherent, full of the sort of irrelevant, out-of-context legal gibberish common to tax protesters and adherents of the 'sovereign citizen' movement.'"); *Gibson v. Crist*, No. 307CV274/MCR/EMT, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (holding that plaintiff's allegation of copyright or trademark infringement against Defendants for their use of his name is clearly frivolous); *See also Sprueill v. United States*, Nos. 1:12CV208, 1:10CR381-1, 2013 WL 1811760, at *2 (M.D.N.C. Mar. 28, 2013) ("Petitioner apparently seeks to discharge his criminal judgment using terms and instruments generally associated with commercial law involving creditors and debtors. However, this is not a valid means of collaterally attacking his criminal judgment or sentence.")