```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA


IN RE:                              *
                                    *
                                    *
COVID-19 PUBLIC HEALTH AND SAFETY   *   STANDING ORDER 2020-03
                                    *
                                    *
                                    *
```

**STANDING ORDER REGARDING NATIONAL EMERGENCY**

On March 13, 2020, under the National Emergencies Act, 50 U.S.C. §§ 1601–1651, the President of the United States declared a national emergency. On March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the CARES Act), which authorizes the Judicial Conference of the United States to provide the Chief Judges of the United States District Courts authority to permit identified criminal proceedings by video or audio conference. On March 29, 2020, the Judicial Conference of the United States determined that "emergency conditions due to the national emergency declared by the President have materially affected and will materially affect the functioning of the federal courts generally."

Pursuant to section 15002(b) of the CARES Act:

1. A judge in this district is authorized by this order and with the consent of the defendant or a juvenile after the

defendant or juvenile confers with counsel to use video conferencing, or telephonic conferencing if video conferencing is not reasonably available, for the following:

    (A)   a detention hearing under 18 U.S.C. § 3142;

    (B)   an initial appearance under Rule 5, Federal Rules of Criminal Procedure;

    (C)   a preliminary hearing under Rule 5.1, Federal Rules of Criminal Procedure;

    (D)   a waiver of indictment under Rule 7(b), Federal Rules of Criminal Procedure;

    (E)   an arraignment under Rule 10, Federal Rules of Criminal Procedure;

    (F)   a hearing under Rule 32.1, Federal Rules of Criminal Procedure, to determine a violation of, and revocation of, the terms of probation or supervised release;

    (G)   a hearing under 18 U.S.C. § 3148 to determine a violation of, and revocation of, the terms of pretrial release;

    (H)   a hearing under Rule 40, Federal Rules of Criminal Procedure, to resolve an alleged failure to appear or a violation;

    (I)   a misdemeanor plea or sentencing under Rule 43(b)(2), Federal Rules of Criminal Procedure; and

    (J)   a hearing under 18 U.S.C. §§ 5031–5043, except for a contested transfer hearing, a juvenile delinquency adjudication, or a trial.

    2.   The undersigned finds that during this national emergency, a felony plea under Rule 11, Federal Rules of Criminal Procedure, and a felony sentencing under Rule 32, Federal Rules of Criminal Procedure, cannot occur in person and in court in this

district without serious jeopardy to public health and safety. As a result, if a judge finds for a stated reason in a particular case that delay of a felony plea or sentencing will result in serious harm to the interests of justice, the judge with the consent of the defendant or a juvenile after the defendant or juvenile consults with counsel can conduct the plea or sentencing by video conference or by telephonic conference, if video conferencing is not reasonably available. This authority extends to a similar hearing under the Federal Juvenile Delinquency Act, 18 U.S.C. § 403.

This authority is effective for ninety days unless ordered otherwise. If the emergency persists longer than ninety days, an extension is available under the CARES Act. However, this authority terminates on the last day of the national emergency declared by the President on March 13, 2020, or the day on which the Judicial Conference of the United States determines that the emergency no longer materially affects the United States courts or this district, whichever occurs first.

To the extent inconsistent with this order, any order in this district is **SUPERSEDED.**

This 30th day of March, 2020

S/Clay D. Land

CLAY D. LAND
CHIEF UNITED STATES DISTRICT JUDGE