# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-44-CAR-CHW** |
| v. | |
| **MARQUET MATTOX** | |

### GOVERNMENT'S MOTION TO ADMIT CERTIFIED BUSINESS RECORDS

The United States, by and through undersigned counsel, hereby moves the Court to make a determination, under Federal Rule of Evidence 104(a), that the records described in the certifications attached in Exhibit A and in the table below are certified records of regularly conducted business activity, admissible under Federal Rules of Evidence 803(6) and 902(11), subject to individual determinations of relevance. This will conserve substantial judicial resources, as it will obviate the need for the out-of-state travel of custodial witnesses. While the United States may call some of the custodians who have submitted certificates, the use of the certificates would shorten the testimony of those witnesses and would expedite the presentation of evidence.

Records of regularly conducted business activity are admissible under the exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). When accompanied by a certification of a records custodian, such records are self-authenticating, pursuant to Federal Rule of Evidence 902(11), and do not require the testimony of a records custodian to admit them into evidence. Fed. R. Evid. 803(6); *see* Fed. R. Evid. 902(11), Advisory Committee's Note (describing that Rule 902(11)

"sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness"). Rule 902(11) requires that the proponent of the evidence give the opposing party "reasonable written notice of the intent to offer the record." This motion serves as such notice.

Federal courts have recognized the appropriateness of admitting business records via Rule 902(11) certificates, instead of live testimony. *See United States v. Clotaire*, 963 F.3d 1288, 1293–96 (11th Cir. 2020); *United States v. Taylor*, 278 F. App'x 937, 940–42 (11th Cir. 2008). Use of Rule 902(11) certificates to admit evidence does not violate a defendant's Sixth Amendment right of confrontation. *See Crawford v. Washington*, 541 U.S. 36, 55 (2004) ("Most of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy."); *Clotaire*, 963 F.3d at 1293–96; *United States v. Lezcano*, 296 F. App'x 800, 807–08 (11th Cir. 2008).

In its case in chief, the Government intends to introduce business records via certifications as identified in Exhibit A. Each of the certificates meet the requirements set forth in Rule 902(11), including statements certifying that the records (1) were made at or near the time of business activity by a person with knowledge of the activity or transmitted by a person with such knowledge; (2) were kept in the course of a regularly conducted activity of a business; and (3) were made as a regular practice of that activity. Fed. R. Evid. 803(6)(A)–(C); *see also* Fed. R. Evid. 902(11). Each of the certificates was made by a qualified custodian of the records. Accordingly, the Government asks that the documentary exhibits associated

with these certificates be admitted without testimony from a records custodian, subject to determination of relevance at trial.

The specific documents are as follows:[1]

| Business | Description | Bates Numbers |
|---|---|---|
| Wells Fargo | Signature cards, bank statements, and deposit items for Burgess Mattox Bey Trust's account with Wells Fargo (x2507) | USAO-003494 through USAO-003496; USAO-003521 through USAO-003564; USAO-003386 through USAO-003391 |
| Wells Fargo | Signature cards, bank statements, and deposit items for Burgess Mattox Bey Trust's account with Wells Fargo (x9692) | USAO-003508 through USAO-003511; USAO-003823 through USAO-003831; USAO-003461 through USAO-003462 |
| Wells Fargo | Signature cards, bank statements, checks/debits, and deposit items for Burgess Mattox Bey Investment Trust's account with Wells Fargo (x3495) | USAO-003497 through USAO-003501; USAO-003612 through USAO-003618; USA-003212; USAO-003398 through USAO-003399 |
| Wells Fargo | Signature cards, bank statements, checks/debits, and deposit items for Burgess Mattox Bey Investment Trust's account with Wells Fargo (x4976) | USAO-004779 through USAO-004784; USAO-003619 through USAO-003772; USAO-004813 through USAO-004864; USAO-003213 through USAO-003381; USAO-004697 through USAO-004737; USAO-003402 through USAO-003442; USAO-004744 through USAO-004747; |

---

[1] In its discovery productions, the United States redacted personally identifiable information (PII). The United States will be providing Mattox with unredacted versions of these documents prior to trial.

| Wells Fargo | Signature cards, bank statements, checks/debits, and deposit items for Kemahra Investment Trust's account with Wells Fargo (x5797) | USAO-003490 through USAO-003493; USAO-003773 through USAO-003782; USAO-003382; USAO-003443 through USAO-003444 |
|---|---|---|
| Wells Fargo | Signature cards, bank statements, and deposit items for Kemahra Investment Trust's account with Wells Fargo (x2515) | USAO-003487 through USAO-003489; USAO-003565 through USAO-003611; USAO-004786 through USAO-004812; USAO-003392 through USAO-003397; USAO-004738 through USAO-004743 |
| Wells Fargo | Signature cards, bank statements, checks/debits and deposit items for Nwatson Trust's account with Wells Fargo (x9119) | USAO-003513 through USAO-003515; USAO-003783 through USAO-003822; USAO-003383 through USAO-003385; USAO-003445 through USAO-003460 |
| Wells Fargo | Signature cards, bank statements, checks/debits, and deposit items for Marshana El Investment Trust's account with Wells Fargo (x7200) | USAO_024273 through USAO_024452 |
| Hollingsworth & Associates, LLC | Settlement statement and related documents for purchase of house in Lilburn, Georgia | USAO-004561 through USAO-004685 |
| Haverty's Furniture Company, Inc. | Haverty's customer file for Marquet Burgess Mattox El | USAO-004377 through USAO-004550 |
| Classic Cadillac of Atlanta | Classic Cadillac customer file related to purchase of Cadillac Escalade on June 1, 2018 (VIN x6149) | USAO-004256 through USAO-004329 |
| The UPS Store | UPS Mailbox Service Agreement and related documents for mailboxes 496 and 507 | USAO_018305 through USAO_018309 |
| Charter Communications, Inc. | Records related to IP addresses 24.181.4.255 and 71.86.96.61 | USAO-005196 through USAO-005198 |

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant this motion and admit into evidence at trial the documents identified in Exhibit A and the table above, subject to a determination of relevance. The government respectfully requests an expedited ruling on this motion such that any out-of-state custodian witness travel may be arranged a week before the commencement of trial.

                                                      PETER D. LEARY
                                                     ACTING UNITED STATES ATTORNEY

By:   */s/ Lyndie M. Freeman*
       LYNDIE M. FREEMAN
       ASSISTANT UNITED STATES ATTORNEY
       Georgia Bar No. 119499
       United States Attorney's Office
       Middle District of Georgia
       Post Office Box 1702
       Macon, Georgia 31202
       Telephone: (478) 752-3511
       Email: lyndie.freeman@usdoj.gov

       JESSICA A. KRAFT
       Trial Attorney
       Michigan Bar No. P80841
       U.S. Department of Justice, Tax Division
       150 M Street NE, #1.1505
       Washington, D.C.  20002
       Telephone:  202-514-7670
       Fax: 202-514-0961
       Email:  Jessica.A.Kraft@usdoj.gov

       *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I, Lyndie M. Freeman hereby certify that on the 29th day of July, 2021, I filed the within and foregoing *Motion to Admit Certified Business Records* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record and that I mailed a true and correct copy of the same, with proper postage affixed thereon to as follows:

Marquet Mattox
Butts County Detention Center
835 Ernest Biles Drive
Jackson, GA 30233

        PETER D. LEARY
        ACTING UNITED STATES ATTORNEY

        */s/ Lyndie M. Freeman*
        LYNDIE M. FREEMAN
        ASSISTANT UNITED STATES ATTORNEY
        Georgia Bar No. 119499
        United States Attorney's Office
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511
        Email: lyndie.freeman@usdoj.gov