**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:20-CR-44-CAR-CHW** |
| **v.** | |
| **MARQUET MATTOX,** | Government's Request to Charge |
| | Trial Date: August 16, 2021 |
| Defendant. | |

## GOVERNMENT'S REQUEST TO CHARGE

The United States of America, by and through its attorneys, Peter D. Leary, Acting United States Attorney for the Middle District of Georgia, Lyndie M. Freeman, Assistant United States Attorney, and Jessica A. Kraft, Trial Attorney, U.S. Department of Justice, Tax Division, proposes the following instructions to be given to the jury during the Court's charge.  All such requests come from the Eleventh Circuit Pattern Jury Instructions and/or other authority as noted.  The government requests leave to file additional instructions based on the evidence at trial and issues not yet known.

Respectfully submitted, this 15th day of August 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

By:      _/s/ Jessica A. Kraft_____
JESSICA A. KRAFT
Trial Attorney
Michigan Bar No. P80841
U.S. Department of Justice, Tax Division
150 M Street NE, #1.1505

1

Washington, D.C.  20002
Telephone: (202) 514-7670
Fax: (202) 514-0961
Email: Jessica.A.Kraft@usdoj.gov

LYNDIE M. FREEMAN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 119499
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
Email: lyndie.freeman@usdoj.gov

*Attorneys for the United States of America*

## GOVERNMENT'S REQUEST TO CHARGE NO. 1

### Pro Se Defendant (Preliminary Instruction)

The Defendant has decided to represent himself in this trial and not use the services of a lawyer.  He has a constitutional right to do that.  His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the Defendant has decided to act as his own lawyer, you will hear him speak at various times during the trial.  He may make an opening statement and closing argument, ask questions of witnesses, make objections, and argue legal issues to the court.  I want to remind you that when the Defendant speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the Defendant has chosen to represent himself, the Court has appointed Catherine M. Williams to assist the Defendant as standby counsel.  This is a standard procedure. Ms. Williams may confer with the Defendant, make an opening statement, question witnesses, make objections, and/or argue legal issues to the court.  Just as when the Defendant speaks in these parts of the trial, if Ms. Williams speaks in these parts of the trial, her words are not evidence.

**AUTHORITY:** Instruction No. 1.15, Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit (2010 ed., Mar. 2021); Preliminary Instruction No. 1.18, Model Criminal Jury Instructions Third Circuit (rev. Jan. 2018); Instruction No. 2.23, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2017 ed., Sep. 2019).  *See also Faretta v. California*, 422 U.S. 806, 813–14 (1975) (holding a defendant has a constitutional right to proceed pro se); *United States v. Tobin*, 676 F.3d 1264, 1293 (11th Cir. 2012) (finding no error in the district court's instruction, "Any statements [the defendant] makes in his capacity as representing himself that appear to be questions or statements of fact do not constitute evidence and you should not consider it as evidence."); *United States v. LaChance*, 817 F.2d 1491, 1497 n.6, 1499 (11th Cir. 1987) (finding no error in district court's instruction to jury that pro se defendant's statements in closing argument did not constitute evidence).

## GOVERNMENT'S REQUEST TO CHARGE NO. 2

### Court's Instructions to the Jury

Members of the Jury:  It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**AUTHORITY:** 2020 Basic Instruction No. 1, Eleventh Circuit Pattern Jury Instruction.

## GOVERNMENT'S REQUEST TO CHARGE NO. 3

### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  The government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**AUTHORITY:** 2020 Basic Instruction No. 2.1, Eleventh Circuit Pattern Jury Instruction.  S*ee also In re Winship*, 397 U.S. 358, 364 (1970); *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995).

## GOVERNMENT'S REQUEST TO CHARGE NO. 4

### Definition of "Reasonable Doubt"

The government's burden of proof is heavy, but it doesn't have to prove the Defendant's guilt beyond all <u>possible</u> doubt.  The government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**AUTHORITY:** 2020 Basic Instruction No. 3, Eleventh Circuit Pattern Jury Instruction.  *See also Victor v. Nebraska*, 511 U.S. 1 (1994) (discussing "reasonable doubt" definition and instruction thereof); *United States v. White*, 654 Fed. App'x 956, 968 (11th Cir. 2016) (noting the 11th Circuit has "repeatedly approved of the definition of reasonable doubt provided in [its] Pattern Jury Instructions.").

## GOVERNMENT'S REQUEST TO CHARGE NO. 5

### Superfluous Allegations in the Indictment

The government is not required to prove every fact alleged in the indictment to prove the Defendant guilty of any of the offenses charged. The government must prove, however, enough of the allegations in the indictment to prove beyond a reasonable doubt every element of an offense to prove the Defendant guilty of that offense. If the government fails to prove any element of an offense beyond a reasonable doubt, you must find the Defendant not guilty of that offense.

**AUTHORITY:** *See United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored." (quotation marks omitted)); *United States v. Toney*, 598 F.2d 1349, 1355–56 (5th Cir. 1979) (noting, for mail fraud cases, that the government need not prove every allegation of fraud in the indictment, only a sufficient number of fraudulent activities to support the inference of a fraudulent scheme); *United States v. Neder*, 197 F.3d 1122, 1129 (11th Cir. 1999) (citing *Toney* for similar proposition). *Cf. also United States v. Pratt*, 728 F.3d 463, 479 (5th Cir. 2013) ("An indictment is not constitutionally deficient simply because it includes more factual allegations than are required to prove every element of the crime charged.").

## GOVERNMENT'S REQUEST TO CHARGE NO. 6

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; and Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers, or the defendant acting as his own lawyer, say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY:** 2020 Basic Instruction No. 4, Eleventh Circuit Pattern Jury Instruction. *See also United States v. Barnette*, 800 F.2d 1558, 1566, *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935 (1987) (noting the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence"); *United States v. Clark*, 506 F.2d 416 (5th Cir. 1975) (approving substance of Basic Instruction No. 4 regarding lack of distinction between direct and circumstantial evidence); *United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error."); *United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) (noting the jury was correctly instructed the arguments of counsel should not be considered as evidence).

## GOVERNMENT'S REQUEST TO CHARGE NO. 7

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY:** 2020 Basic Instruction No. 5, Eleventh Circuit Pattern Jury Instruction.

## <u>GOVERNMENT'S REQUEST FOR CHARGE NO. 8</u>

### Admissions of Defendant

There has been evidence that the Defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the Defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  You are to give the statements such weight as you feel they deserve in light of all the evidence.

**AUTHORITY:** Instruction No. 5-19, 1 Modern Fed. Jury Instructions-Criminal P 5.07 (2021). *See also* 2020 Special Instruction No. 2.1 (Confession or Statement of a Single Defendant), Eleventh Circuit Pattern Jury Instruction.  *See also United States v. Clemons*, 32 F.3d 1504, 1510–11 (11th Cir. 1994).

## GOVERNMENT'S REQUEST FOR CHARGE NO. 9

### Aiding and Abetting; Agency (18 U.S.C. § 2)

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent."

A Defendant is criminally responsible for the acts of another person if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

**AUTHORITY:** Abbreviated from 2020 Special Instruction No. 7, Eleventh Circuit Pattern Jury Instruction. *See also* 18 U.S.C. § 2.

## GOVERNMENT'S REQUEST TO CHARGE NO. 10

### Charts and Summaries (Admitted as Evidence)

The government has presented an exhibit in the form of a summary chart—specifically, a summary chart of tax returns allegedly filed by the Defendant and IRS data.  I decided to admit this summary chart to save time and avoid unnecessary inconvenience.  You should consider this summary chart as you would any other evidence.


**AUTHORITY:** Instruction No. 5-12, 1 Modern Fed. Jury Instructions-Criminal P 5.05 (2021). *See also United States v. Osborne*, 677 Fed. App'x 648, 656 (11th Cir. 2017) (discussing admissibility of summary charts); *United States v. Gold*, 743 F.2d 800, 816 (11th Cir. 1984) (upholding the admission of summary exhibits containing information derived from other admitted evidence); *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004).

## GOVERNMENT'S REQUEST TO CHARGE NO. 11

### Charts and Summaries (Not Admitted as Evidence)

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**AUTHORITY:** 4.16 *Manual of Model Criminal Jury Instructions*, Ninth Circuit (July 2010). *See* Instruction No. 5-13, 1 Modern Fed. Jury Instructions-Criminal P 5.05 (2021).  *See also, e.g., United States v. Ollison*, 555 F.3d 152, 162 (5th Cir. 2009) ("If a summary or chart is introduced solely as a pedagogical device, the court should instruct the jury that the chart or summary is not to be considered as evidence, but only as an aid in evaluating evidence.") .

## <u>GOVERNMENT'S REQUEST TO CHARGE NO. 12</u>

### Introduction to Offense Instructions

The indictment charges 20 separate crimes, called "counts," against the Defendant.  Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

**AUTHORITY:** 2020 Basic Instruction No. 8, Eleventh Circuit Pattern Jury Instruction.

## GOVERNMENT'S REQUEST TO CHARGE NO. 13

### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**AUTHORITY:** 2020 Basic Instruction No. 8.1, Eleventh Circuit Pattern Jury Instruction. *See also, e.g., United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) ("[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively."); *United States v. Mozie*, 752 F.3d 1271, 1283–84 (11th Cir. 2014).

## GOVERNMENT'S REQUEST TO CHARGE NO. 14

### On or About; Knowingly; and Willfully

You'll see that the indictment charges that crimes were committed "on or about" certain dates. The government doesn't have to prove that a crime occurred on an exact date. The government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**AUTHORITY:** 2020 Basic Instruction No. 9.1A, Eleventh Circuit Pattern Jury Instruction.  *See also, e.g., Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful but does not require that the defendant knew of the specific licensing requirement that he was violating).

**GOVERNMENT'S REQUEST TO CHARGE NO. 15**

**Counts One Through Nine**
**Wire Fraud (18 U.S.C. § 1343)**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.  It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire.  And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.


**AUTHORITY:** 2020 Offense Instruction No. 51, Eleventh Circuit Pattern Jury Instruction.

## GOVERNMENT'S REQUEST TO CHARGE NO. 16

### Counts Ten through Nineteen
### False Claims Against the Government (18 U.S.C. § 287)

It's a Federal crime to knowingly make a false claim against any department or agency of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly presented a false claim against the United States to an agency of the United States;

(2) the claim was based on a false or fraudulent material fact; and

(3) the Defendant acted intentionally and knew that the claim was false and fraudulent.

A claim is "false" or "fraudulent" if it is untrue when made or presented and the person making or presenting it knows it is untrue.  But the government doesn't have to show that the governmental department or agency was in fact deceived or misled.

It's not a crime to make a false claim unless the falsity or fraudulent aspect relates to a material fact.  A misrepresentation is "material" if it contains a "material fact" that is false. A "material fact" is an important fact—not some unimportant or trivial detail—that has a natural tendency to influence or is capable of influencing a department or agency in reaching a required decision.

**AUTHORITY:** 2020 Offense Instruction No. 11.2, Eleventh Circuit Pattern Jury Instruction.

## GOVERNMENT'S REQUEST TO CHARGE NO. 17

### Count Twenty
### Theft of Government Funds (18 U.S.C. § 641)

It's a Federal crime to steal or convert any money or property belonging to the United States and worth more than $1,000.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the money or property described in the indictment belonged to the United States;

(2) the Defendant stole or knowingly converted the money or property to his own use or to someone else's use;

(3) the Defendant knowingly and willfully intended to deprive the United States of the use or benefit of the money or property; and

(4) the money or property had a value greater than $1,000.

The word "value" means the greater of (1) the face, par, or market value, or (2) the price, whether wholesale or retail.

It doesn't matter whether the Defendant knew that the United States owned the property. But it must be proved beyond a reasonable doubt that the United State did in fact own the money or property, that the Defendant knowingly stole or converted it, and that the value was greater than $1,000.

To "steal" or "convert" means to wrongfully or intentionally take the money or property belonging to someone else with the intent to deprive the owner of its use or benefit permanently or temporarily.

**AUTHORITY:** Abbreviated from 2020 Offense Instruction No. 21, Eleventh Circuit Pattern Jury Instruction.

## GOVERNMENT'S REQUEST FOR CHARGE NO. 18

### Similar Acts Evidence (FED. R. EVID. 404(b))

[Should the Court determine any evidence identified in the government's Notice of Intent (ECF No. 49) is subject to FED. R. EVID. 404(b), the government requests the Court instruct the jury as follows:]

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crimes charged in the indictment, had a motive or the opportunity to commit the acts charged in the indictment, acted according to a plan or in preparation to commit a crime, or committed the acts charged in the indictment by accident or mistake.

**AUTHORITY:** 2020 Special Instruction No. 4.1, Eleventh Circuit Pattern Jury Instruction.  *See also* Fed. R. Evid. 404(b).

## CERTIFICATE OF SERVICE

I, JESSICA KRAFT, hereby certify that on the 15th day of August, 2021, I electronically filed the within and foregoing ***Government's Request to Charge*** with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all parties of record, and that I will bring a true and correct copy of the same to Court tomorrow to provide to the defendant, Marquet Mattox.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

By:      */s/ Jessica A. Kraft*
JESSICA A. KRAFT
Trial Attorney
Michigan Bar No. P80841
U.S. Department of Justice, Tax Division
150 M Street NE, #1.1505
Washington, D.C.  20002
Telephone: (202) 514-7670
Fax: (202) 514-0961
Email: Jessica.A.Kraft@usdoj.gov

*Attorney for the United States of America*