IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARQUET ANTWAIN BURGESS MATTOX,<br>aka MARQUET ANTWAIN BURGESS MATTOX EL,<br>aka MARQUET BURGESS MATTOX,<br>aka ASIM ASHUNTA EL,<br>aka ASIM EL BEY,<br><br>    Defendant | CASE NO.  3:20-CR-44 (CAR) |

**MOTION AND MEMORANDUM OF THE UNITED STATES FOR THE ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and respectfully submits its Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment in the above-entitled case for the reasons set forth below.  A proposed order is submitted with this Motion.

**I.  Procedural Background**

1. On September 17, 2020, a Federal Grand Jury sitting in the Middle District of Georgia, returned a multi count Indictment [Doc. 1] against the Defendant, Marquet Antwain Burgess Mattox, aka "Marquet Antwain Burgess Mattox El", aka "Marquet Burgess Mattox", aka "Asim Ashunta El", aka "Asim El Bey" (hereinafter referred to as the

"Defendant" or "Mattox"). Counts One through Nine of the Indictment charged that Mattox, aided and abetted by others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud the Internal Revenue Service ("IRS"), and to obtain money by means of materially false and fraudulent pretenses, representations, and omissions; all in violation of Title 18, United States Code, Section 1343. *Id.* at p. 1-4. Count Twenty of the Indictment charged that Mattox, did willfully and knowingly steal, purloin, and convert to his own use, approximately $2,897,192.74 in United States funds administered by the IRS in the form of federal income tax refunds issued to "Burgess Mattox Bey Investment Trust,"; all in violation of Title 18, United States Code, Section 641. *Id.* at 6.

2. The Indictment included a Forfeiture Notice, which notified Defendant Mattox that upon conviction of the offense(s) set forth in the Indictment, he would be required to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property real, or personal, which constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of said violations(s), including, but not limited to the following: i.) a personal money judgment in an amount to be determined; and ii.) the real property located at 1054 Morgan Garner Drive, Lilburn, Gwinnett County, Georgia, including any appurtenances and improvements thereon. *Id.* at pp. 6-8.

3. An inquiry later sent to the IRS revealed that the real property, located at 1054 Morgan Garner Drive, Lilburn, Gwinnett County, Georgia would be processed via a Suit to Foreclose on the Notice of Federal Tax Lien. Based on the IRS' intent, the United States is not seeking forfeiture of the real property.

4. On August 18, 2021, a jury found the Defendant guilty of Counts One through Twenty of the Indictment charging Mattox with Wire Fraud, False Claims against the United States Government, and Theft of Government Funds. *See* Docs. 65-66.

5. The Court's forfeiture jurisdiction in this matter is founded upon the civil forfeiture provision found at Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c). Specifically, Title 18, United States Code, Section 981(a)(1)(C), provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense or conspiracy to commit any offense constituting a specified unlawful activity, which includes the aforementioned violation(s). Title 28, United States Code, Section 2461(c), in turn, provides that if a defendant is convicted of an offense giving rise to forfeiture for which there is a civil forfeiture provision, but no criminal forfeiture provision, as is the case here, then the court shall order forfeiture as part of the sentence in the criminal case. *See United States v. Pardon*, 527 F.3d 1156, 1161 (11th Cir. 2008) ("Congress enacted 28 U.S.C. § 2461(c), effective August 23, 2000, to make criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized."), which provides for the criminal forfeiture of any property

constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s).

6. Rules 32.2 (b)(1)(A), (b)(1)(B), (b)(2)(A), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (b)(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the

> court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7. The United States has not, as of this date, identified any property of the Defendant that could be forfeited as a substitute asset in accordance with Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 18, United States Code, Section 981(a)(1)(C).

8. The total amount of proceeds obtained by Defendant Mattox during the commission of the aforementioned offenses is $5,013,892.32. However, IRS officials have advised that a total of $1,706,222.47 has been levied from bank accounts controlled by Mattox. Additionally, the IRS seized and sold a Cadillac Escalade, with the proceeds from the sale totaling $65,281. Accordingly, the amount of restitution due and owing to the IRS is $3,242,388.85.

9. Although defendants are generally not entitled to a reduction of the forfeiture judgment to reflect restitution payments to victims, the United States is seeking a personal money judgment against Mattox for the amount of proceeds that the IRS has not already levied, which would be the same funds/property that the Government would have sought for forfeiture.

10. Accordingly, the United States now moves pursuant to Rules 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure for the issuance of a preliminary order of forfeiture/money judgment, consisting of a personal money judgment against Mattox

in the amount of three million, two hundred forty-two thousand, three hundred eighty-eight dollars and eighty-five cents ($3,242,388.85), which represents proceeds obtained by the Defendant in the fraud scheme.

## II.  Argument

### A. Mandatory Forfeiture and Amount of Money Judgment

It is well established that an order of forfeiture may take the form of a judgment for a sum of money, and that the court must enter an order of forfeiture in that form without regard to whether the defendant has retained the property directly subject to forfeiture, or whether the defendant has the present ability to satisfy the judgment.  *See United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (the authority to issue a forfeiture order in the form of a money judgment is clear from the cross-reference in Section 2461(c) to Rule 32.2 which "explicitly" contemplates the entry of money judgments); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006); *United States v. Misla-Aldarondo*, 478 F.3d 52, 73-74 (1st Cir. 2007); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006); *United States v. Casey*, 444 F.3d 1071, 1074-76 (9th Cir. 2006); *United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008).  Thus, in a case like this one, where the Defendant has pled guilty to Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Theft of Government Funds, in violation of Title 18, United States Code, Section 641, the Defendant is liable to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s) and scheme, and the Court is required to enter an order of forfeiture for that amount even if the funds are

no longer in the Defendant's possession. *See United States v. Holland,* 722 F. App'x. 919 (11th Cir. 2018) (where defendant is convicted of wire fraud, court in calculating a forfeiture money judgment is free to consider uncharged conduct involving the same fraud scheme, so long as government proves by a preponderance of the evidence that the property to be forfeited was linked to the conduct).

### B. Procedure for Determining Amount of the Money Judgment

The Government's burden to prove the amount of the forfeiture is a preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003). FED. R. CRIM. P. 32.2(b)(1)(A) states that "[i]f the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay." *See, e.g., United States Poulin,* 690 F. Supp. 2d 415, (E.D. Va. 2010) ("when the government seeks a money judgment, 'the court must determine the amount of money that the defendant will be ordered to pay.'"). The rule also provides that the "court's determination may be based on evidence already in the record, . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." FED. R. CRIM. P. 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the Government to reintroduce that evidence in the forfeiture hearing). Because forfeiture is part of the sentencing process, traditional rules of evidence do not apply, allowing the admissibility of hearsay so long as it is sufficiently reliable. *Poulin*, 690 at 421; *United States v. Gaskin*,

7

No. 00-CR-6148, 2002 WL 459005 (W.D.N.Y. Jan. 8, 2002) (in the forfeiture phase of the trial, the parties may offer evidence not already in the record; because forfeiture is part of sentencing, such evidence may include reliable hearsay), *aff'd*, 364 F.3d 438 (2d Cir. 2004); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005) (because forfeiture is part of sentencing, reliable hearsay is admissible to establish the forfeitability of the property). Based on the evidence presented at trial and the record of the court, the United States has established the requisite basis for the issuance of a preliminary order of forfeiture/money judgment against the Defendant pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

### C. Substitute Assets

Once a preliminary order of forfeiture/money judgment is entered, the Government may move at any time, pursuant to FED. R. CRIM. P. 32.2(e), to enter an or order of forfeiture or amend an existing order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Int'l. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property);

*United States v. Harrison*, No. 99 CR 934-1, 2001 WL 803695 (N.D. Ill. June 27, 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *United States v. Davis*, 177 F. Supp. 2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).  The United States has not, as of this date, identified any property of the Defendant that could be forfeited as a substitute asset in accordance with Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 18, United States Code, Section 981(a)(1)(C).

### III. Conclusion

WHEREFORE, the United States submits that it has established the requisite basis for the issuance of a preliminary order of forfeiture/money judgment against the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C), in conjunction with 28 U.S.C. § 2461(c).

ACCORDINGLY, the United States respectfully requests that this Court issue a preliminary order of forfeiture/money judgment against Defendant Mattox in the amount of three million, two hundred forty-two thousand, three hundred eighty-eight dollars and eighty-five cents ($3,242,388.85).

RESPECTFULLY SUBMITTED, July 13, 2022.

                PETER D. LEARY
                UNITED STATES ATTORNEY

BY:   */s/ Michael D. Morrison*
       MICHAEL D. MORRISON
       Assistant United States Attorney
       Georgia Bar No.: 153001
       United States Attorney's Office
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       Facsimile: (478) 621-2682
       Email: Mike.Morrison@usdoj.gov

## CERTIFICATE OF SERVICE

I, MICHAEL D. MORRISON, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing **Motion and Memorandum of the United States for the Issuance of a Preliminary Order of Forfeiture/Money Judgment, and Proposed Preliminary Order of Forfeiture/Money Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED, July 13, 2022.

PETER D. LEARY
UNITED STATES ATTORNEY

BY:  */s/ Michael D. Morrison*
MICHAEL D. MORRISON
Assistant United States Attorney
Georgia Bar No.: 153001
United States Attorney's Office
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2682
Email: Mike.Morrison@usdoj.gov