**USA v Marquet Antwain Burgess Mattox     3:20-cr-44-CAR**

**RIGHT TO APPEAL.  Unless you have waived your right to appeal in a plea agreement or otherwise, the following information will be helpful in determining your rights to appeal to the Eleventh Circuit Court of Appeals.**

18 U.S.C. § 3742(a), a law passed by Congress, states under what circumstances a defendant who has been sentenced may appeal. **Appeal by a Defendant**. A defendant may file a notice of appeal in the District Court for review of an otherwise final sentence if the sentence: (1) Was imposed in violation of law; (2) Was imposed as a result of an incorrect application of the sentence guidelines; or (3) Is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under §3563(b)(6) or (b)(11) than the maximum established in the guideline range; (4) Was imposed for an offense for which there is no sentencing guideline and is plainly reasonable. Rule 4 of the Federal Rules of Appellate Procedure provides that **a notice of appeal must be filed in a United States District Court within fourteen (14) days after the entry of the judgment, or fourteen (14) days after the government files a notice of appeal**.

**If you are represented by court-appointed counsel and wish to appeal**, it is the responsibility of court-appointed counsel to file a notice of appeal and to represent you upon appeal until relieved of that responsibility by the Unites States Court of Appeals for the Eleventh Circuit. You may also file a notice of appeal or request the clerk's office to do so. Nevertheless, an appeal must be filed within fourteen (14) days after the entry of the written judgment.

**If you are represented by retained (paid by you, family, or a friend) counsel and wish to appeal**, Eleventh Circuit Court of Appeals Rule 46-1 makes it counsel's responsibility to represent you upon appeal until relieved of that responsibility by the Circuit Court of Appeals. The time within which a notice of appeal must be filed is the same, that is fourteen (14) days after entry of a written judgment.

## CRIMINAL APPEALS JURISDICTION CHECKLIST

**1. Appealable orders.** Courts of Appeals have jurisdiction conferred and strictly limited by statute.
(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Subject to certain limited exceptions, a defendant must wait the entry of a final judgment of conviction following sentencing prior to taking an appeal. *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985); *United States v. Gulledge*, 739 F.2d 582, 584 (11th Cir. 1984). A notice of appeal filed after the announcement of sentence but before the entry of the judgment and commitment order becomes effective upon the entry of the judgment and commitment order. Fed.R.App.P. 4(b)(2).
(b) **Appeals pursuant to 18 U.S.C. § 3145:** Orders regarding bail prior to judgment may be appealed.
(c) **Appeals pursuant to judicially created exceptions to the finality rule**: Orders denying motions to dismiss an indictment on grounds of double jeopardy or the "speech and debate clause" are appealable. *Flanagan v. United States*, 465 U.S. 259, 266, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984).

*2.* **Time for filing:** In criminal appeals filed by the government, the time limits governing the government's time to appeal are based on a federal statute, and are therefore mandatory and jurisdictional. 18 U.S.C. § 3731; Fed.R.App.P. 4(b)(1)(B); *see Bowles v. Russell*, 551 U.S. 205, 210-13, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007). However, in criminal appeals filed by a defendant, Federal Rule of Appellate Procedure 4(b)(1)(A) is not jurisdictional, but rather, is a claims processing rule that may be waived by the government. *United States v. Lopez*, 562 F.3d 1309 (11th Cir. 2009). Accordingly, an untimely appeal filed by a defendant in a criminal case may be dismissed as untimely if the government raises the issue of untimeliness. *Id.* at 1313. Fed.R.App.P. 4(b) and (c) set forth the following time limits:
(a) **Fed.R.App.P. 4(b):** A defendant's notice of appeal must be filed in the district court within 14 days after the entry of either the judgment or order appealed from, or the filing of the government's notice of appeal. If a defendant makes a timely motion in the district court under the Federal Rules of Criminal Procedure of a type specified in Fed.R.App.P. 4(b)(3), the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last such motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.
(b) **Fed.R.App.P. 4(b)(1)(B):** A notice of appeal by the United States must be filed within 30 days after the entry of the judgment or order being appealed, or the filing of a notice of appeal by any defendant, whichever period is later.
(c) **Fed.R.App.P. 4(b)(4):** The district court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for up to 30 days from the expiration of the time otherwise prescribed in Fed.R.App.P. 4(b).
(d) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

**3. Format of the notice of appeal**: Appendix of Forms to the Federal Rules of Appellate Procedure. *See also* Fed.R.App.P. 3(c). **A pro se notice of appeal must be signed by the appellant**.