Attachment 9

*Corrected*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| | ) | **Docket No.:   3:20-CR-44-001(CAR)** |
| **Marquet Antwain Burgess Mattox,** | ) | |
| **a/k/a "Marquet Antwain Burgess** | ) | |
| **Mattox El,"** | ) | |
| **a/k/a "Marquet Burgess Mattox,"** | ) | |
| **a/k/a "Asim Ashunta El,"** | ) | |
| **a/k/a "Asim El Bey"** | ) | |

| | |
|---|---|
| **Prepared for:** | The Honorable C. Ashley Royal<br>Senior United States District Judge |
| **Prepared by:** | Erica D. Simpson<br>U.S. Probation Officer<br>Athens, GA<br>(706) 286-1207<br>erica_simpson@gamp.uscourts.gov |

| | |
|---|---|
| **Assistant U.S. Attorney** | **Defense Counsel** |
| Lyndie Freeman | Pro se |
| Post Office Box 1702 | |
| Macon, GA 31201 | |
| (478) 752-3511 | |
| lyndie.freeman@usdoj.gov | |

Jessica Kraft
150 M Street NE, Suite 1.1505
Washington, DC 20002
(202) 514-7670
jessica.a.kraft@usdoj.gov

| | |
|---|---|
| **Sentence Date:** | TO BE DETERMINED |
| **Offense:** | **Counts One through Nine:**<br>Wire Fraud, *Class C felonies*<br>18 U.S.C. § 1343<br>Not more than 20 years imprisonment/$250,000 fine |

**Date Report Prepared: 05/17/2022**     **Date Report Revised:**



by rights of redemption in Subrogation and equity;
i Convey, transfer, and assign the entire debt, matter, instrument, obligation, etc.,
on the obverse side, etc. pages 1-18, etc., to and for the account of the
United States for a full acquittance and discharge for all purposes of the debt,
matter, obligation, etc.

Date: May 25, 2022

Print: Burgess Mattox El, Marquet Antwain
by: no right, writ
personae physique, a Civilian,
private person/ natural person,
principal, grantor, settlor, trustor,
majority
all God given rights reserved
and non waived



**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

---

**Counts Ten through Nineteen:**
False Claims Against the United States Government, *Class D felonies*
18 U.S.C. § 287
Not more than 5 years imprisonment/$250,000 fine
**Count Twenty:**
Theft of Government Funds, *Class C felony*
18 U.S.C. § 641
Not more than 10 years imprisonment/$250,000 fine

**Note:** *Mandatory restitution required by statute.*
*Tried - Explain right to appeal.*

**Release Status:** October 7, 2020 – Arrested
October 9, 2020 – Detained

**Detainers:** None

**Codefendants:** None

**Related Cases:** None

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | March 19, 1972 |
| **Age:** | 50 |
| **Race:** | American Indian or Alaska Native |
| **Hispanic Origin:** | Non-Hispanic |
| **Sex:** | Male |
| **SSN#:** | 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 |
| **FBI#:** | 227270RA5 |
| **USM#:** | 11907-509 |
| **State ID#:** | GA1902859J |
| **PACTS#:** | 7111501 |
| **Education:** | Some College |
| **Dependents:** | Three |
| **Citizenship:** | U.S. Citizen |
| **Place of Birth:** | Athens, GA |



**Marquet Antwain Burgess Mattox**

**Residence Address:** 1054 Morgan Garner Driver
Lilburn, Georgia 30047

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

Alias(es):        Marquette Antwain Mattox; Marquet A. Mattox; MarquetteAntwan;
Marquette Mattox; Asim El Bey; Asim Ashunta El; Marquet Burgess
Mattox;  Marquet Antwain Burgess Mattox El; Marquet Mattox

***Restrictions on Use and Redisclosure of Presentence Investigation Report.*** Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.  On August 18, 2021, Marquet Antwain Burgess Mattox was found guilty by jury trial of all counts of a twenty-count Indictment filed on September 17, 2020. Counts One through Nine charged Mattox with Wire Fraud, in violation of 18 U.S.C. § 1343, beginning no later than September 10, 2016, and continuing through at least August 10, 2018. Counts Ten through Nineteen charged the defendant with False Claims Against the United States Government, in violation of 18 U.S.C. § 287, from September 10, 2016, through August 10, 2018. Count Twenty charged between on or about September 22, 2016, and on or about November 7, 2017, Mattox willfully and knowingly stole, purloined, and converted to his own use approximately $2,897,192.74 in United States funds administered by the Internal Revenue Service in the form of federal income tax refunds, in violation of 18 U.S.C. § 641.

2.  On October 7, 2020, the defendant appeared, via a summons, before the U.S. Magistrate Judge at Macon, Georgia, for an initial appearance and arraignment. Due to the defendant's conduct, the Court was unable to conduct the proceedings. Accordingly, pursuant to Rule 42(b) of the *Federal Rules of Criminal Procedure* and 28 U.S.C. § 636(e)(2), the Court held Mattox in contempt of court and ordered him taken into custody. On October 9, 2020, the defendant again appeared before the U.S. Magistrate Judge for an initial appearance and arraignment. The government moved for detention, and, after hearing argument, the Court found by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. Therefore, Mattox was detained. He remains in federal custody.

### The Offense Conduct

3.  The following information was made available by the Internal Revenue Service (IRS). On September 10, 2016 (Counts One and Ten), Marquet Antwain Burgess Mattox electronically filed an IRS Form 1041 in the name of Kemahra Investment Trust for the 2015 tax year. Mattox claimed Kemahra Investment Trust had earned $155,000 in income, that $75,000 in federal taxes had been withheld from that income and paid to the IRS, and that the entity was entitled to a tax refund of $9,932. On September 22, 2016 (Counts Two and Eleven), the defendant electronically filed another tax return in the name of Burgess Mattox Bey Investment Trust for the 2015 tax year. He claimed Burgess Mattox Bey Investment Trust had earned $4,881,000 income, that $2,440,000 in federal taxes had been withheld from that income and paid to the IRS, and that the entity was entitled to a tax refund of $323,848. The IRS issued refund checks to the defendant in the amounts of $9,992.97 and $325,408.97, respectively, for the trusts. In turn, Mattox opened, and/or caused to be opened, Wells Fargo bank accounts in the names of the trusts into which he deposited the checks. Mattox maintained control of both accounts.

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

4.    Following his initial success, the defendant filed 29 subsequent trust income tax returns
in the names of various entities, as outlined in the chart below.

| Date Received by IRS | Tax Year | Entity | Total Income Claimed on Return | Total Payments Claimed on Return | Refund Claimed on Return | Refund Issued |
|---|---|---|---|---|---|---|
| 1/13/2017 (Count 12) | 2015 | Burgess Mattox Bey Investment Trust | $23,421,837 | $23,421,000 | $13,258,124 | - |
| 3/2/2017 (Counts 3 & 13) | 2016 | Kemahra Investment Trust | $9,975,000 | $4,987,500 | $660,569 | - |
| 4/4/2017 | 2015 | Marquet Antwain Burgess Mattox Trust | $9,762,000 | $9,762,000 | $5,527,494 | - |
| 5/31/2017 | 2015 | Burgess Mattox Bey Trust | $49,000,000 | $24,500,000 | $3,236,202 | - |
| 8/3/2017 | 2015 | Marquet Antwain Burgess Mattox Trust | $9,762,000 | $9,000,000 | $5,135,939 | - |
| 8/4/2017 | 2016 | Marquet Antwain Burgess Mattox Trust | $8,975,000 | $9,000,000 | $5,362,115 | - |
| 9/21/2017 | 2016 | Kamili Investment Trust | $5,000,000 | $9,878,256 | $7,900,000 | - |
| 9/22/2017 (Counts 4 & 14) | 2016 | Burgess Mattox Bey Trust | $250,000 | $600,000[1] | $502,744 | - |
| 9/22/2017 | 2016 | Kamilya Investment Trust | $5,000,000 | $9,978,256 | $8,000,000 | - |
| 11/7/2017 | 2015 | Kemahra Investment Trust | $155,000 | $155,000 | $89,932 | - |
| 11/7/2017 (Counts 5 & 15) | 2015 | Burgess Mattox Bey Investment Trust | $4,881,000 | $4,881,000 | $2,764,804 | $2,571,783.77 |
| 11/17/2017 | 2016 | Burgess Mattox Bey Trust | $17,660,000 | $17,660,000 | $9,997,779 | - |
| 11/17/2017 | 2016 | Kamili Investment Trust | $17,600,000 | $17,600,000 | $9,963,819 | - |
| 11/18/2017 (Counts 7 & 17) | 2016 | Kemahra Investment Trust | $17,660,000 | $17,660,000 | $9,997,779 | - |

---

[1] The Indictment contains a Scrivener's Error which notes the defendant falsely claimed $600,000 in federal income tax withholdings for this tax return. However, Mattox falsely claimed $600,000 as "estimated tax payments and amount applied from 2015 return," which is a category of payment to the IRS. Withholding is another form of "payment" to the IRS.



by rights of redemption in Subrogation and equity
i convey, transfer, and assign the entire debt, matter, instrument, obligation, etc.,
on the obverse side, etc., pages 1-18, etc., to and for the account of the
United states for a full acquittance and discharge for all purposes of the debt,
matter, obligation, etc.

Date: may 25, 2022                    print: Burgess mattox El, Marquet Antwain
                                      by: no Rights waived
                                          persone physique, a Civilian,
                                          private person / natural person,
                                          principal, grantor, settlor, trustor,
                                          majority
                                          all God given rights reserved
                                          and non waived



Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/18/2017 (Counts 6 & 16) | 2016 | Burgess Mattox Bey Investment Trust | $17,660,000 | $17,660,000 | $9,997,779 | - |
| 11/18/2017 | 2016 | Marquet Antwain Burgess Mattox Trust | $17,660,000 | $17,660,000 | $9,997,779 | - |
| 11/18/2017 | 2016 | Kamilya Investment Trust | $17,690,000 | $17,670,000 | $9,994,759 | - |
| 1/17/2018 | 2016 | Marshana El Investment Trust | $5,000,000 | $4,200,000 | $2,032,219 | $2,106,706.61 |
| 1/17/2018 | 2016 | Asim El Bey Trust | $4,500,000 | $2,250,000 | $299,219 | - |
| 1/17/2018 | 2016 | Nwatson Trust | $4,800,000 | $2,400,000 | $319,019 | - |
| 1/17/2018 | 2016 | Nycholas Kemahra Mattox El | $3,200,000 | $1,600,000 | $213,419 | - |
| 1/18/2018 | 2016 | Watson El Trust | $3,000,000 | $1,500,000 | $200,219 | - |
| 1/18/2018 | 2016 | Eric Marice Baldwin El Trust | $4,800,000 | $2,400,000 | $319,019 | - |
| 2/7/2018 | 2015 | Marquet Antwain Burgess Mattox Trust | $40,000,000 | $40,000,000 | $22,642,202 | - |
| 2/7/2018 | 2016 | Kamilya Investment Trust | $60,000,000 | $37,000,000 | $10,962,219 | - |
| 2/8/2018 | 2016 | Burgess Mattox Bey Trust | $142,156,200 | $71,700,000 | $10,006,428 | - |
| 2/27/2018 | 2016 | Watson El Trust | $40,000,000 | $20,000,000 | $2,642,219 | - |
| 8/10/2018 (Counts 9 & 19) | 2015 | Kemahra Investment Trust | $155,000 | $155,000 | $89,888 | - |
| 8/10/2018 (Counts 8 & 18) | 2015 | Burgess Mattox Bey Investment Trust | $4,881,000 | $4,881,000 | $2,764,804 | - |

5.   The defendant continued to file false tax returns after being ordered by the IRS to cease filing them and was charged frivolous filing penalties by the IRS. For example, on July 10, 2017, the IRS issued a $10,000 penalty for Burgess Mattox Bey Investment Trust for a 2016 tax return which the IRS informed the defendant was frivolous. However, Mattox filed an additional false tax return for the same tax year and the same entity, reflected in Counts Six and Sixteen of the Indictment. Additionally, on April 23, 2018, the IRS issued a $5,000 penalty for Kemahra Investment Trust for a frivolous 2016 tax return. Afterwards, the defendant filed an additional false tax return for the same tax year and the same entity, as charged in Counts Nine and Nineteen.

6

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

---

6.  In total, the defendant filed 31 returns in the names of a least twelve fictitious entities, claiming $549,640,037 in income, $402,674,012 in withholdings and other tax payments, and $165,212,271 in tax refunds. None of the entities had earned any income or withheld and paid the IRS any federal taxes. The IRS's filter system detected most of the false returns; however, four tax refunds were issued in the total amount of $5,013,892.32. Count Twenty reflects the total amount of refunds ($2,897,192.74) issued to the Burgess Mattox Bey Investment Trust. After the refund checks were issued by the IRS, the defendant opened Wells Fargo bank accounts for his various trusts and deposited the IRS refund checks. Wells Fargo bank records show those accounts had no income other than the refund checks deposited into them. The defendant spent the money on a new house in Lilburn, Georgia, furniture for the house, a Cadillac Escalade, dental work, dining, travel, and other personal expenses, including payments to the IRS for personal back taxes owed, separate from the tax scheme using the fraudulent trusts.

7.  To conceal his involvement from the IRS, the defendant often reported the pseudonym Asim El Bey, rather than his own name, as the fiduciary of the fictitious entities on the false tax returns.

8.  In June 2019, after having become aware of the criminal investigation against him, the defendant filed an amended 2016 return for Burgess Mattox Bey Trust in which he reported his earlier claim the trust had $71,700,000 of federal income tax withholding and was owed a refund of over $2 million was not true because "[t]his entity did not receive any income in Tax year 2016."

**Victim Impact**

9.  The U.S. Probation Office has identified the Internal Revenue Service (IRS) as the victim in this case. The IRS suffered an actual loss of $5,013,892.32.

**Adjustment for Obstruction of Justice**

10. The U.S. Probation Office has no information indicating the defendant impeded or obstructed justice.

**Adjustment for Acceptance of Responsibility**

11. Mattox held the government to its burden of proof at trial and has not accepted personal responsibility for his criminal conduct.

**Offense Level Computation**

12. The 2021 *Guidelines Manual*, incorporating all guideline amendments, was used to determine the sentencing guideline range.

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

13.　Pursuant to the provisions of relevant conduct found at USSG §1B1.3(a)(2), solely with respect to offenses of a character for which USSG §3D1.2(d) would require grouping multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) that were part of the same course of conduct or common scheme or plan as the offense of conviction, are to be used in determining the Total Offense Level. In this case, Mattox is accountable for intended losses totaling $165,212,271.

14.　In accordance with USSG §3D1.1(a), when a defendant has been convicted of more than one count, the Court shall group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in §3D1.2; and determine the offense level applicable to each Group by applying the rules specified in §3D1.3.

15.　Pursuant to USSG §3D1.2(d), all counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule when the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. In this case, Mattox was convicted of Wire Fraud (9 counts), False Claims Against the United States Government (10 counts) and Theft of Government Funds. According to the Statutory Index (Appendix A) of the *Guidelines Manual*, the offense guideline applicable to each count of conviction is USSG §2B1.1. Offenses covered by USSG §2B1.1 are to be grouped under USSG §3D1.2(d).

**Count Group One**: *Counts One through Nine*, Wire Fraud; *Counts Ten through Nineteen*, False Claims Against the United States Government; *Count Twenty*, Theft of Government Funds

16.　**Base Offense Level:** The guideline for violations of 18 U.S.C. § 1343, 18 U.S.C. § 287, and 18 U.S.C. § 641 is USSG §2B1.1. Pursuant to USSG §2B1.1(a)(1), since the defendant was convicted of an offense referenced to this guideline; and that offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the Base Offense Level is 7.　　　　　　　　　　　　　**7**

17.　**Specific Offense Characteristics:** In this case, the intended loss is $165,212,271.00. Therefore, the offense level is increased by 26 levels, pursuant to USSG §2B1.1(b)(1)(N).　　　　　　　　　　　　　　　　　　　**+26**

18.　**Specific Offense Characteristics:** The offense involved a violation of a prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines; therefore, the offense is increased by two levels, pursuant to USSG §2B1.1(b)(9)(C).　　　　　　　　　　　**+2**

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

19.     **Specific Offense Characteristics:** The offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means; therefore, the offense is increased by two levels, pursuant to USSG §2B1.1(b)(10)(C).                                              **+2**

20.     **Victim Related Adjustment:** None.                                                          **0**

21.     **Adjustment for Role in the Offense:** None.                                           **0**

22.     **Adjustment for Obstruction of Justice:** None.                                       **0**

23.     **Adjusted Offense Level (Subtotal):**                                                     **37**

        **Chapter Four Enhancements**

24.     None.

25.     **Acceptance of Responsibility:** None                                                     **0**

26.     **Total Offense Level:**                                                                            **37**

        **Offense Behavior Not Part of Relevant Conduct**

27.     None.

        **Information Covered by USSG §1B1.8**

28.     None.

**PART B. THE DEFENDANT'S CRIMINAL HISTORY**

        **Juvenile Adjudication(s)**

29.     None.

        **Adult Criminal Conviction(s)**

| | Date of Arrest | Charge/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 30. | 07/29/1992 (Age 20) | Aggravated Assault Athens-Clarke County Superior Court, Athens, GA #SU-92-CR-1533-B | 08/20/1993: 3 years, serve 18 months, balance on probation 02/19/1995: Released | 4A1.2(e)(3) 4A1.2, comment. (n. 10) | 0 |

9

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

<hr>

<u>10/11/2012</u>:
Pardoned

31.  With the assistance of counsel, the defendant entered a guilty plea. Court records indicate on July 26, 1992, the defendant shot Eric Lattimore with a handgun. Court documents reflect the defendant's name as Marquette Mattox, Marquet Mattox, and Marquet A. Mattox.

| 32. | 07/30/1992 (Age 20) | Reckless Conduct Athens-Clarke County Superior Court, Athens, GA #SU-92-CR-1532-B | <u>08/20/1993</u>: 12 mos. probation, consecutive to #SU-92-CR-1533-B | 4A1.2(a)(2)(B) | **0** |

33.  With the assistance of counsel, the defendant entered a guilty plea to the lesser included offense of Reckless Conduct. He was originally charged with Aggravated Assault. Court records indicate on July 20, 1992, the defendant shot a handgun at Dedrick Christopher. Court records reflect the defendant's name as Marquette Mattox and Marquet Mattox.

### Criminal History Computation

34.  The defendant's criminal history score is zero. According to the Sentencing Table found in Chapter 5, Part A of the *Guidelines Manual*, a criminal history score of zero establishes a Criminal History Category I.

### Other Criminal Conduct

35.  None.

### Pending Charges

36.  None.

### Other Arrests

37.  None.

## PART C. OFFENDER CHARACTERISTICS

38.  The information provided below was obtained from the defendant's pretrial services interview conducted on October 1, 2020, and an independent investigation by the U.S. Probation Office. On August 18, 2021, the defendant declined to submit to a presentence interview with the U.S. Probation Office. Verifications were not obtained as Mattox declined to sign a Release of Information form.

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

### Personal and Family Data

39.     Marquet Antwain Burgess Mattox was born on March 19, 1972, in Athens, Georgia, to the non-marital relationship of Bobby Mattox and Debra Burgess. He changed his name from Marquet Antwain Burgess Mattox to Marquet Antwain Burgess Mattox El on September 27, 2017, in Fulton County, Georgia Superior Court, Civil Action No. 2017-CV-293583. The defendant's father passed away after suffering a heart attack in November 1991. Mattox advised he was reared by his mother, but they have not shared a relationship since 2010. She is 65 years old and resides in Athens, Georgia. The defendant has two sisters and one maternal half-brother with whom he does not share a relationship.

40.     The defendant married Nakeisha Watson in 2003, but the couple divorced in 2017. Mattox reported he does not have children. However, evidence presented at trial indicated he has three children.

41.     The defendant is a life-long resident of Georgia, spending his childhood in Athens, Georgia, and residing in the greater Atlanta, Georgia, area since 1996. It is unknown where Mattox will reside following his release from federal custody.

### Physical Condition

42.     The defendant stands five feet, six inches tall, weighs 190 pounds, and has black hair and brown eyes. He stated he is in excellent physical health with no medical problems reported.

### Mental and Emotional Health

43.     The U.S. Probation Office has no evidence the defendant suffers from a current or past mental health condition.

### Substance Abuse

44.     The U.S. Probation Office has no evidence the defendant suffers from current or past substance abuse issues.

### Educational, Vocational and Special Skills

45.     The defendant reported he attended Cedar Shoals High School, Athens, Georgia, but withdrew while enrolled in the eleventh grade.

46.     Mattox noted he attended Lanier Technical College, Gainesville, Georgia, and obtained a General Education Development (GED) diploma in 1993. Mattox returned to the college in 2004, for approximately three years, to attend business courses. He did not complete a course of study.

11

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

### Employment Record

47.     The defendant has been in federal custody since October 7, 2020. He reported he had been employed as trustee of the Burgess Mattox Bey Investment Trust and the Burgess Mattox Bey Trust since 2017. He noted no income as the trusts were not returning any revenue. Mattox stated he was unemployed from 2001 through 2017.

### Financial Condition: Ability to Pay

48.     The defendant declined to submit a signed personal financial statement. He reported no significant assets or debts. He noted he received financial support from his former wife and other miscellaneous real estate projects. Mattox reported no income as trustee of the Burgess Mattox Bey Investment Trust and the Burgess Mattox Bey Trust, but he advised as grantor of the trusts he sustained himself with funds provided from the trusts since 2017. Mattox advised the trusts had pre-paid rent and utilities for his residence through approximately June 2021.

49.     Based on the defendant's reported financial profile and considering the significant amount of restitution that must be imposed in this case, the U.S. Probation Office concludes Mattox is not able or likely to become able to pay all or part of a fine within the established guideline fine range, even on an installment schedule.

## PART D. SENTENCING OPTIONS

### Custody

50.     **Statutory Provisions:** *Counts One through Nine*: The maximum term of imprisonment for each of these Class C felonies is 20 years. 18 U.S.C. § 1343. *Counts Ten through Nineteen*: The maximum term of imprisonment for each of these Class D felonies is five years. 18 U.S.C. § 287. *Count Twenty*: The maximum term of imprisonment for this Class C felony is ten years. 18 U.S.C. § 641.

51.     **Guideline Provisions:** Based on a Total Offense Level of 37 and a Criminal History Category of I, the guideline imprisonment range is 210 to 262 months. However, for *Counts One through Nine*, the statutorily authorized maximum sentence of 20 years is less than the maximum of the applicable guideline range; therefore, the guideline imprisonment range is **210 to 240 months**, pursuant to USSG §5G1.1(c)(1). Due to the statutorily authorized maximum sentence, the guideline sentence for *Counts Ten through Nineteen* is **60 months** and the guideline sentence for *Count Twenty* is **120 months**, pursuant to USSG §5G1.1(a).

52.     The Court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law, pursuant to USSG §5G1.2(b).

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

### Impact of Plea Agreement

53.    Not applicable.

### Supervised Release

54.    **Statutory Provisions:** The Court may impose a term of supervised release of not more than three years for each of Counts One through Twenty, Class C and D felonies. 18 U.S.C. § 3583(b)(2).

55.    Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

56.    **Guideline Provisions:** The Court shall order a term of supervised release when a sentence of imprisonment of more than one year is imposed, pursuant to USSG §5D1.1(a)(2). Since each count is a Class C or D felony, the guideline term of supervised release is one to three years for each of Counts One through Twenty. USSG §5D1.2(a)(2).

### Probation

57.    **Statutory Provisions:** The defendant is eligible for not less than one nor more than five years probation for each of Counts One through Twenty because each count is a Class C or D felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

58.    Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

59.    **Guideline Provisions:** Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. USSG §5B1.1, comment. (n.2).

### Conditions of Post-Conviction Supervision

60.    Pursuant to Standing Order 2017-02, the following Mandatory and Standard Conditions of Supervision shall apply in this case. Additional information about Standing Order 2017-02 can be found by visiting the website (www.gamp.uscourts.gov).

### Mandatory Conditions of Supervision

- You must not commit another federal, state, or local crime.
- You must not unlawfully possess a controlled substance.
- You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, unless otherwise ordered by the court.
- You must cooperate in the collection of DNA as directed by the probation officer.

13

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

---

### Standard Conditions of Supervision

61.     The Standard Conditions of Post-Conviction Supervision as enumerated in Standing
        Order 2017-02 shall apply in this case. Those conditions are as follows:

- You must report to the probation office in the federal judicial district where you are
  authorized to reside within 72 hours of your release from imprisonment or within 72
  hours of being sentenced to probation unless the probation officer instructs you to
  report to a different probation office or within a different time frame.

- After initially reporting to the probation office, you will receive instructions from the
  court or the probation officer about how and when you must report to the probation
  officer, and you must report to the probation officer as instructed.

- You must not knowingly leave the federal judicial district where you are authorized
  to reside without first getting permission from the court or the probation officer.

- You must answer truthfully the questions asked by your probation officer.

- You must live at a place approved by the probation officer. If you plan to change
  where you live or anything about your living arrangements (such as the people you
  live with), you must notify the probation officer at least 10 days before the change. If
  notifying the probation officer in advance is not possible due to unanticipated
  circumstances, you must notify the probation officer within 72 hours of becoming
  aware of a change or expected change.

- You must allow the probation officer to visit you at any time at your home or
  elsewhere, and you must permit the probation officer to take any items prohibited by
  the conditions of your supervision that he or she observes in plain view.

- You must work full time (at least 30 hours per week) at a lawful type of employment
  unless the probation officer excuses you from doing so.  If you do not have full-time
  employment you must try to find full-time employment unless the probation officer
  excuses you from doing so. If you plan to change where you work or anything about
  your work (such as your position or your job responsibilities), you must notify the
  probation officer at least 10 days before the change. If notifying the probation officer
  at least 10 days in advance is not possible due to unanticipated circumstances, you
  must notify the probation officer within 72 hours of becoming aware of a change or
  expected change.

- You must not communicate or interact with someone you know is engaged in
  criminal activity. If you know someone has been convicted of a felony, you must not
  knowingly communicate or interact with that person without first getting the
  permission of the probation officer.

14

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

- If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

- You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

- You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

- If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

- You must follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions of Supervision**

62.    The U.S. Probation Office recommends the following special conditions of post-conviction supervision.

- You shall provide financial information to the Probation Officer upon request.

- You are prohibited from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Office.

*Justification: These conditions serve the statutory sentencing purposes of deterrence, public protection, and rehabilitation, pursuant to 18 U.S.C. §§ 3553(a)(2)(B)-(D). In addition, these conditions enable the probation officer to set the appropriate collection parameters for payment of restitution; verify and monitor self-employment, if applicable; and assist the defendant in gaining control of his financial situation.*

- You shall submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

15

Marquet Antwain Burgess Mattox
Docket No. 3:20-CR-44-001(CAR)

---

*Justification: This condition serves the statutory sentencing purposes of deterrence, public protection, and rehabilitation, pursuant to 18 U.S.C. §§ 3553(a)(2)(B)-(D). This condition also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant and bring about improvements in his conduct and condition, pursuant to 18 U.S.C. §§ 3603(2)-(3).*

- You are to fully comply with Internal Revenue Service officials regarding any past taxes and/or penalties owed.

*Justification: The purpose of this condition is to ensure the defendant complies with court orders and avoids collateral consequences for not complying with court orders such as lost driver's licenses, garnishment of wages, and loan ineligibility.*

### Fines

63. **Statutory Provisions:** The maximum fine is $250,000 for each of Counts One through Twenty. 18 U.S.C. § 3571(b)(3).

64. Counts One through Twenty: A special assessment of $100 is mandatory, for each count. A total of $2,000 is due. 18 U.S.C. § 3013.

65. **Guideline Provisions:** The fine range for these offenses is from $40,000 to $250,000. USSG §5E1.2(c)(3).

66. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated August 27, 2021, provides the following monthly cost data:

|  | Federal Prison Facilities | Residential Reentry Centers | Supervision by Probation Officers |
|---|---|---|---|
| Daily | $121.00 | $98.00 | $12.00 |
| Monthly | $3,688.00 | $2,980.00 | $371.00 |
| Annually | $44,258.00 | $35,761.00 | $4,454.00 |

16

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

---

<u>Restitution</u>

67. **Statutory Provisions:** Pursuant to 18 U.S.C. § 3663A, restitution shall be ordered in this case. Restitution is due and owing to the Internal Revenue Service (IRS). The IRS suffered an actual loss of $5,013,892.32. Officials advised the IRS levied $1,706,222.47 from accounts controlled by the defendant. Additionally, the IRS seized and sold a Cadillac Escalade; proceeds from the sale totaled $65,281. Accordingly, the amount of restitution due and owing to the IRS is $3,242,388.85.

| <u>Victim Name</u> | <u>Amount of Loss</u> |
|---|---|
| IRS-RACS | $3,242,388.85 |
| Attn: Mail Stop 6261 | |
| Restitution | |
| 333 W. Pershing Avenue | |
| Kansas City, MO  64108 | |

68. **Guideline Provisions:** Restitution shall be ordered. USSG §5E1.1.

   **Denial of Federal Benefits**

69. Not applicable.

## PART E.   FACTORS THAT MAY WARRANT DEPARTURE

70. The U.S. Probation Office has not identified any factors which would warrant a departure from the guideline range.

## PART F.   FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

71. The U.S. Probation Office has not identified any factors which would warrant a variance based on the provisions of 18 U.S.C. § 3553(a).

**Marquet Antwain Burgess Mattox**
**Docket No. 3:20-CR-44-001(CAR)**

Respectfully submitted,

ROBERT R. LONG
CHIEF U.S. PROBATION OFFICER

By: _Erica Simpson_

Erica D. Simpson
U.S. Probation Officer

EDS/

Approved:

_Amanda M. LaMotte_                    May 17, 2022

Amanda M. LaMotte                         Date
Supervising U.S. Probation Officer

18



by rights of redemption in Subrogation and equity,
i convey, transfer, and assign the entire matter, debt, instrument, obligation, etc.,
on the obverse side, pages 1-18, etc., to and for the account of the
united states for a full acquittance and discharge for all purposes of the debt,
matter, obligation, etc.

Date: may 25, 2022

Print: Burgess mathew El, marquet Arduain
by: no Right waid
personne physique, a Civilian,
private person, natural person,
principal, grantor, settlor, truster,
majority

all God given rights reserved
and non waived

