```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
 2                          ATHENS DIVISION
                   _____
 3

 4   THE UNITED STATES OF AMERICA      :       3:20-cr-44(CAR)

 5              VS.                     :       July 14, 2022

 6   MARQUET ANTWAIN BURGESS MATTOX,  :         Athens, Georgia
     A/K/A MARQUET ANTWAIN BURGESS
 7   MATTOX EL, A/K/A MARQUET BURGESS :
     MATTOX, A/K/A ASIM ASHUNTA EL,
 8   A/K/A ASIM EL BEY,               :
                      Defendant
 9   _____

10                      SENTENCING HEARING

11

12          BEFORE THE HONORABLE C. ASHLEY ROYAL,
               UNITED STATES COURT DISTRICT JUDGE
13

14   APPEARANCES:

15   FOR THE GOVERNMENT:     LYNDIE FREEMAN
                             US ATTORNEY'S OFFICE
16                           P.O. BOX 1702
                             MACON, GA 31201
17

18   FOR THE DEFENDANT:      PRO SE
                             MARQUET ANTWAIN BURGESS MATTOX
19

20                           CATHERINE WILLIAMS
                             FEDERAL DEFENDER OF MIDDLE DISTRICT
21                           P. O. BOX 996
                             MACON, GEORGIA 31202
22   _____

23                  TAMMY W. DIROCCO, USCR
                         P.O. BOX 539
24                   MACON, GA 31202-0539
                        (478-752-3497)
25
```

1   July 14, 2022

2   12:50 p.m.

3   Athens, Georgia

4                    P R O C E E D I N G S

5          THE COURT:  This is United States versus Marquet

6   Antwain Burgess Mattox.

7          And, of course, I am very familiar with this case

8   because I tried the case.  We tried the case about a year ago,

9   if I remember correctly.  He was found guilty on all Counts by

10  the jury.

11         So his total offense level is 37, his criminal

12  history category is I and that yields a guideline range of 210

13  to 240 months.  And he is being held accountable for

14  $2,897,192.74 in his IRS fraud schemes.

15         Mr. Mattox, you submitted something to the Court,

16  which I understand to be your response to the presentence

17  investigation and you said it's about a six or eight page

18  document.  It's actually eight pages.  You submitted this

19  fairly recently.  I'm not sure when.

20         But I have reviewed what you have submitted and the

21  way I analyze this is that you are trying to continue to raise

22  at the sentencing stage the defenses that you raised at trial.

23  You lost on all those defenses.  The defenses are no longer

24  relevant to the sentencing that we are going to do now.

25         Those defenses are matters which you have reserved

1    for the Court of Appeals.  And so you have from the very

2    beginning challenged the jurisdiction of this Court, but I am

3    not going to hear anything about that today.

4            You have, what I'm calling your assignment theory or

5    your release theory or your satisfaction of judgment theory

6    which I'm not going to here today.

7            You have this kind of broad and vague equity

8    argument as it relates to your defenses, which I'm not going

9    to hear today.  And then there is a lot of duplication in what

10   I read.

11           And so my question to you is do you have objections

12   to the presentence report?

13           Why don't you pull your mask down so we can make

14   sure we can hear you and speak into the microphone.

15           THE DEFENDANT:  Your Honor, would you give me an

16   opportunity to thoroughly answer that particular question,

17   please?

18           THE COURT:  Yes.  But did you understand what I just

19   said.  I'm not going to let you raise your defenses in the

20   sentencing.  This is a specific proceeding that is limited for

21   the purposes of sentencing.

22           THE DEFENDANT:  Your Honor, as a flesh and blood

23   living man in full life, persona physique, a civilian, private

24   person, natural person majority, I respectfully --

25           THE COURT:  Stop right there.  I'm not going to

1    listen to that because that's what you raised here.  This is

2    your personal jurisdiction challenge of this Court and I'm not

3    going to hear from that today.

4            So move on to your next topic.

5            THE DEFENDANT:  Your Honor, I respectfully decline

6    the offer of the contract.

7            THE COURT:  Okay.  That is another defense that you

8    raised and I'm not going to listen to that either.  So move

9    on.

10           THE DEFENDANT:  You asked me -- could you reask the

11   question, please?

12           THE COURT:  What specific objections do you have to

13   the presentence investigation report?  You may not have any at

14   all.  I don't know.

15           But I'm not going to listen to the matters that I

16   just outlined that I don't think are appropriate or relevant

17   to these proceedings.

18           THE DEFENDANT:  You're asking me what objections do

19   I have and I'm answering the question, but you're denying my

20   opportunity to answer the question and I'm basically stating

21   that I respectfully decline the offer of the contract but

22   you're not allowing me to answer that particular question.

23           THE COURT:  I told you that I was limiting what you

24   can say and I explained the parameters of that.

25           So, go ahead.

```
 1              THE DEFENDANT:  That was my answer, Your Honor.

 2              THE COURT:  Do you have anything else to say?

 3              THE DEFENDANT:  Yes, Your Honor.  You've already

 4    stated as far as limited -- as far as my responses.  I have a

 5    question for you and it appears to be a legal disability

 6    because I'm not able to thoroughly answer the question.

 7              THE COURT:  Well, ask me the question.

 8              THE DEFENDANT:  Well, even in responding -- you set

 9    guidelines at the beginning of this conversation.  You set

10    guidelines as basically stating that certain things that I

11    can't say and certain things that I can't speak on.  And even

12    specifying or identifying who I am you rejected that.

13              THE COURT:  Because that goes to your personal

14    jurisdiction issue, the Court lacking jurisdiction over you.

15    That is part of what you have talked about probably from the

16    very first hearing before Judge Weigle.  Because I went back

17    and I read all that.  I remember what you said.

18              So, go ahead.

19              THE DEFENDANT:  What I would like to say, Your

20    Honor, in good faith, honorable intent, clean hands, and by

21    rights of redemption in subrogation and equity, I appoint you

22    custodian doing business as Judge C. Ashley Royal.

23              THE COURT:  Okay.  That is all utter nonsense as I

24    have told you before.  So move on to something else.

25              THE DEFENDANT:  Your Honor, currently the
```

```
 1    sentencing, the entire matter, even being in the shackles, is

 2    a legal disability -- I'm under legal disability to contract,

 3    Your Honor.

 4            THE COURT:  You're like everybody else that comes in

 5    here.  Everybody else comes in an orange jumpsuit like you

 6    have on and has on shackles.

 7            You've been convicted of a major crime on all counts

 8    of a major crime.

 9            THE DEFENDANT:  Your Honor, respectfully, prior

10    to -- from the onset, Your Honor, legal disability to contract

11    because I was denied -- you even set parameters as far as what

12    I could speak and what I could say even before now.

13            THE COURT:  Well, you're talking and when you start

14    talking and I know that it fails to satisfy the parameters I

15    have set then I tell you to move on to something else.

16            THE DEFENDANT:  Now, are you also stating that the

17    special -- I'm asking the question, the special deposit to the

18    Court failed to satisfy?

19            THE COURT:  That was one of the defenses that you

20    raised.  It wasn't a valid defense in this case so that's

21    outside the scope of this.

22            THE DEFENDANT:  And are you also --

23            THE COURT:  These things -- I'm going to go back and

24    tell you again.  You get to raise all of this in the Court of

25    Appeals.  That relates to the jury trial.
```

```
1              So what else do you want to talk about?

2              THE DEFENDANT:  (No response).

3              THE COURT:  Amy, make sure that is in the record.

4    Mark it Defendant's Exhibit 1.

5              We are marking your paper response as D1.

6              THE DEFENDANT:  Am I able to review that?

7              THE COURT:  You wrote it.  You will have the

8    opportunity to review it but you wrote it.

9              THE DEFENDANT:  There were two separate documents

10   that was actually delivered, so I'm not exactly sure which one

11   you are speaking of.

12             THE COURT:  Chandler, take that to him.

13     (Defendant reviewing Defendant's Exhibit 1).

14             THE DEFENDANT:  Your Honor, the document itself is

15   not actually enclosed or attached to this particular document.

16             THE COURT:  It's what?

17             THE DEFENDANT:  The actual document itself.

18             THE COURT:  What is the document that you wanted to

19   have attached?

20             THE DEFENDANT:  Bear with me for a second, please,

21   Your Honor.

22             THE COURT:  Sure.

23             THE DEFENDANT:  There was a document that did not

24   actually have a docket number.

25             THE COURT:  What was the document?  That's my
```

1    question.

2              THE DEFENDANT:  Please allow me to locate it.

3              THE COURT:  I will point out to you, Mr. Mattox,

4    that your standby counsel is right behind you and she is

5    available, Ms. Williams.  I think she has been through all of

6    this, haven't you, Ms. Williams?

7              MS. WILLIAMS:  I have, Your Honor.

8              THE COURT:  So she is there and she is available to

9    help you as she has been all along and she has her sidekick by

10   her.  Both of them can help you.

11             THE DEFENDANT:  Your Honor, there was an attachment

12   to the actual document that you're speaking of that is not

13   connected to this particular document.  The Court's document

14   that was connected to the handwritten document is identified

15   as --

16             THE COURT:  Chandler.  Go get it.

17             THE DEFENDANT:  That is the actual document that was

18   actually attached to what you're --

19             THE COURT:  I have seen this.  I don't know where

20   this is.

21             THE DEFENDANT:  So you don't have the actual correct

22   document?

23             THE COURT:  No, this looks like the correct

24   document, but there's handwriting on the back in ink.

25             THE DEFENDANT:  There is nothing on the reverse side

1    of this particular document, it's actually blank, Your Honor.

2    On one side, yes, there is handwriting, but on the reverse

3    side.

4             THE COURT:  Let me just ask you.  Is this the

5    document you want attached to Defendant's Exhibit 1, what you

6    just gave my law clerk and I am now looking at?

7             THE DEFENDANT:  Both sides, please, sir.

8             THE COURT:  I'm going to put this in the record just

9    like it is.  Does that satisfy you now about the documents?

10            THE DEFENDANT:  There was also a second document

11   which was dated -- there was a second document that was dated

12   July 8th that was also tendered to the Court.  Do you have

13   that document as well, Your Honor?

14            THE COURT:  Well, you saw what we have.  I don't

15   know what you're talking about.  I had seen that document, but

16   I had not seen what was written on the back, but that document

17   is totally meaningless anyway.  We're not going to talk about

18   that.

19            THE DEFENDANT:  Well, the documents that was

20   actually tender to the Clerk of Court I do have a copy of

21   those documents and I would respectfully ask if the Court

22   could actually make copies for my records, please.

23            THE COURT:  All right.  We will do that.  Our clerk

24   is on vacation so we don't have somebody to do it right now.

25   But let me see what this is.

1          THE DEFENDANT:  And are you able, the actual

2    attachment, the very final page, are you also able to --

3          THE COURT:  Well, this looks like what we've already

4    made as an exhibit in the case.

5          THE DEFENDANT:  The Court document is an actually

6    totally completely different document, sir.

7          THE COURT:  We will give the government a copy.  But

8    wait a minute, don't go yet.

9          Go ahead.  What's next, sir?

10         THE DEFENDANT:  You continuously mention appeal,

11   file an appeal, file an appeal, even before getting to this

12   point over a year ago.  Anything that I mentioned, anything

13   that I stated, you continually stated bring it up in appeals,

14   bring it up in appeals.

15         I'm just curious to know is there any particular

16   reason?

17         THE COURT:  You told me -- I don't know if it was at

18   the end of the trial or when it was that you were going to

19   take these matters up with the Court of Appeals.  That's what

20   I remember during the trial.

21         Do you remember that, Ms. Freeman?

22         MS. FREEMAN:  Yes, Your Honor.

23         THE COURT:  You said you were going to do that.  You

24   have a right to do that anyway.  But you were the one that

25   brought it up.

```
1              Go ahead.

2              THE DEFENDANT:  No.  You actually issued an order

3    and in your order it specified that I couldn't mention

4    anything about certain things.  I'm not sure if I can mention

5    those things today.  But you provided a list of things and you

6    said if I wanted to address those things you stated that they

7    should be brought up in the Court of Appeals.

8              THE COURT:  Which is what I said at the beginning of

9    this hearing.

10             Go ahead.

11             THE DEFENDANT:  And you also stated -- and I asked

12   you during the trial was there any particular reason that any

13   objection that I had that you automatically -- you

14   automatically ruled against it and you stated that, well,

15   bring it up in appeals.

16             So if I'm not mistaken, I humbly apologize if I'm

17   incorrect, but if I'm not mistaken I don't recall me

18   initiating that I would go to appeals.

19             THE COURT:  Well, that is my recollection.  I could

20   be wrong about that.  It doesn't really matter.  You

21   understand that you have the right to appeal.

22             THE DEFENDANT:  Okay, Your Honor.

23             THE COURT:  You will have a right to appeal the

24   sentencing issues too.  But so far you haven't raised a

25   sentencing issue in this case.  I'm waiting for you to raise a
```

1  sentencing issue in this case.

2        THE DEFENDANT:  Your Honor, I respectfully decline

3  to offer the contract and you continuously reject anything

4  that I say.

5        THE COURT:  Okay.  Are you telling me that you have

6  nothing more to say?

7        THE DEFENDANT:  I'm stating that I respectfully

8  decline the offer to contract, Your Honor.

9        THE COURT:  Anything from the government?

10        MS. FREEMAN:  Yes, Your Honor.  Would you like to

11  hear argument at this time or anything regarding what was just

12  discussed?

13        THE COURT:  I'm not sure that any argument is

14  necessary in this case.  You know, something like 95 percent

15  of the cases that have come before me I have Defendants who

16  have pled guilty.

17        But I sat through every day of the trial, obviously,

18  and listened to all the testimony in the case.  It's all very

19  clear to me.  I'm not sure exactly why there needs to be

20  argument here.

21        Do you want to say something very briefly then I'm

22  happy to hear from you.

23        MS. FREEMAN:  Yes, Your Honor, I promise to be

24  brief.

25        As, Your Honor, is well aware from watching the

1   trial this is an egregious and unrelenting scheme by the

2   Defendant.  We are dealing with patently absurd numbers of

3   intended theft and actual theft here, both.

4         And based on his statements today and the continued

5   filings, after the draft presentence report came out, he

6   appears to remain unremorseful and defiant.

7         Specific deterrence is what we're specifically

8   arguing for here and we believe a sentence of at least 240

9   months is warranted in this case.  As Your Honor knows you can

10  go up to 420 if you wish, and as long a supervised release as

11  you're able to order.  As well as full restitution of the

12  Court, indicated in the presentence report.

13        We can address the issue of the pronouncement of

14  forfeiture as well, after you have pronounced sentence.

15        THE COURT:  Is there anything you want to say to

16  what she had to say?

17        THE DEFENDANT:  As I stated, Your Honor, I

18  respectfully decline the custodians offer of the contract and

19  I appointment Lyndie M. Freeman custodian.

20        I also appoint Judge C. Ashley Royal custodian.

21        I also appoint Jessica A. Kraft, custodian.

22        I appoint Peter D. Leary custodian.

23        And I also appoint David W. Butt, doing business as

24  Clerk of Court, custodian.

25        And I appoint Hilda Garcia doing business as

 1  Supervisor Department De Hacienda, Puerto Rico, custodian.

 2          THE COURT:  Okay.  Anything else you want to say

 3  before I sentence you?

 4          THE DEFENDANT:  Would you give me the opportunity to

 5  say it without cutting me off or interrupting me?

 6          THE COURT:  It depends on what you're going to say.

 7          So far this hearing has been going on now for at

 8  least 20 minutes, maybe 30, you haven't said anything that

 9  makes any sense.  Plus you aren't dealing with the sentencing

10  issues which is what this hearing is about.

11          THE DEFENDANT:  But you asked me if there is

12  anything else that I would like to say.  So I'm asking would

13  you give me the opportunity to --

14          THE COURT:  I just said is there anything else you

15  would like to say?  That is an opportunity.

16          THE DEFENDANT:  Bear with me, please.  Please bear

17  with me.

18          Okay, Your Honor.  Am I able to speak?

19          THE COURT:  I want to remind you of an order that I

20  sent to you or signed on the 6th day of June.  If the

21  Defendant chooses not to review the PSR -- this is because you

22  wouldn't even accept the PSR.  We had, in 20 years, the

23  singular time in 20 years this has ever happened, almost 21

24  now, we had to direct the Marshals Service to serve you with

25  the presentence report and directed you to file objections.

```
 1    And it says if Defendant chooses not to review the PSR or file

 2    objections, after it's served, the Court notes he does so at

 3    his own peril and risk waving his ability to object to the

 4    PSR.

 5              The Eleventh Circuit has held if the Defendant does

 6    not specifically and clearly object to facts in the PSI he

 7    waives any objections to them.  So anyway.

 8              What do you want to talk about?

 9              THE DEFENDANT:  Your Honor, I have appointed you

10    custodian and as custodian I also hereby --

11              THE COURT:  We're not talking about me being a

12    custodian.  That's more nonsense.

13              Move on to something else.

14              THE DEFENDANT:  Even if we're not speaking of you

15    being custodian --

16              THE COURT:  Or anybody else being custodian.  You

17    are the one who was convicted of this crime.

18              THE DEFENDANT:  Your Honor, by rights of redemption

19    and subrogation and equity it states that I have the right.

20              THE COURT:  I've already told you your equity

21    arguments are ruled out.  So we're not talking about that.

22              THE DEFENDANT:  So you're stating as far as rights

23    of redemption that I don't have a right to redeem?

24              THE COURT:  No.  You have no right to redemption.

25              THE DEFENDANT:  And as far subrogation I have no
```

1    right to --

2              THE COURT:  No.  You have no right to subrogation.

3              THE DEFENDANT:  And can you help me to understand

4    the reason for your denial of my God-given rights?

5              THE COURT:  Well, the Constitution is where your

6    rights come from.  And the Constitution and the law that

7    supports it and the Federal Rules of Criminal Procedure and on

8    and on, say that all this that you've been talking about, up

9    to this point, has nothing to do with your sentencing and I

10   have already ruled all this out at the trial.

11             So you keep going over the same things time and

12   again just like you tried to do in the trial of the case.  And

13   now you are doing it again.  You're not giving me anything to

14   work with on this.

15             THE DEFENDANT:  You said the Constitution, in

16   regards to the Constitution as far as gives you right.  The

17   Bible gives me rights as far as Genesis 1, 26 through 30, are

18   you -- basically that is totally overturned and overruled?

19             THE COURT:  Yeah.  Well, go read Exodus where it

20   says "thou shall not steal" which is what you did.  You stole

21   from the government.

22             THE DEFENDANT:  So even in my God-given rights as

23   under captious, diminution, or maximum which is the highest

24   most comprehensive loss of status, which one has been stripped

25   of his rights and made a bondservant.  So basically I'm being

1   made a bondservant or slave, which is still under legal --

2          THE COURT:  You have made yourself a federal

3   prisoner by violating the criminal laws of the United States

4   of America and the jury found that.

5          So you're not a slave or a bondservant.  You are a

6   prisoner of the United States of America.

7          I am going to pass sentence in this case because you

8   are disregarding what I keep telling you.  You keep going back

9   to the same ideas and you have nothing new.

10         You haven't filed any objections to this that are in

11  any way meaningful.

12         So, unless you have something that fits within the

13  parameters that I have described to you then I am ready to

14  sentence you.

15         THE DEFENDANT:  I would like to say that there is no

16  physical law library at the place that actually I have been

17  held.  There is no physical law library.

18         So you stated multiple times I have a right to an

19  appeal, I have a right to an appeal, I have a right to an

20  appeal.

21         So in regards to filing an appeal, I've heard you

22  mention to other people that they could actually file an

23  appeal with the Court or notify the Court or notify the Clerk

24  in regards to an appeal.

25         THE COURT:  You have somebody right back there who

1   can file an appeal for you.  She has been here the whole time.

2   She understands the case.  She understands your defenses.  She

3   understands the government's prosecution.  She understands all

4   that.

5            THE DEFENDANT:  Your Honor, I would have to

6   respectfully decline that particular offer of the contract.

7            THE COURT:  I understand.  You declined that all

8   along.

9            THE DEFENDANT:  But are you able to answer that

10  particular question, please, sir?

11           THE COURT:  About the law library at the prison?  I

12  don't have any insight into that at all.

13           THE DEFENDANT:  No.  The question is in regards to

14  the appeal.

15           THE COURT:  I don't have anything to say about the

16  law library as it relates to your ability to appeal the case.

17  That is not what we are here about today.

18           So this is why you need a lawyer.  This is why you

19  needed a lawyer from the beginning.

20           The Court notes that you were convicted on

21  August 18, 2021 following a jury trial.  The Court deferred

22  sentencing until the presentence report was completed.

23           The Court now adjudicates you guilty on Counts I

24  through 20 of the Indictment.

25           The Court determined the advisory sentencing range

1   for Counts 1 through 9 is 210 to 240 months, considering an

2   offense level of 57, a criminal history category of I, and the

3   statutorily authorized maximum sentence.

4           The guideline sentences for Counts 10 through 19 is

5   60 months.

6           And the guideline sentence for Counts 20 is 120

7   months due to the statutorily authorized maximum sentence.

8           As to Counts 1 through 9, the Court commits you to

9   the Bureau of Prisons for a period of 230 months.

10          As to Counts 10 through 19, the Court commits you to

11  the Bureau of Prisons for a period of 60 months to be served

12  concurrently.

13          As to Count 20, the Court commits you to the Bureau

14  of Prisons for a period of 120 months to be served

15  concurrently for a total of 230 months.

16          THE DEFENDANT:  Your Honor, could you --

17          THE COURT:  Wait just a minute, please.

18          Since the sentence ordered by the Court is within an

19  advisory guideline range greater than 24 months the Court is

20  required to state the reason for the sentence.  The Court

21  imposed a sentence of 230 months, having considered the

22  advisory sentencing range, the sentencing factors found at 18

23  U.S.C. Section 3553(a) and having made an individualized

24  assessment based on the facts presented.

25          The Court orders you to immediately make restitution

1    in the amount of $3,242,388.85 to the Internal Revenue Service

2    through the U.S. District Court Clerk's Office.

3              The Court imposes a mandatory assessment in the

4    amount of $100 on each Count for a total of $2,000.

5              The Court waives the imposition of a fine and any

6    alternative sanctions based on your financial condition.

7    Financial penalties shall be paid in accordance with the

8    Court's standing order 2017-02.

9              The prison term is to be followed by a period of

10   supervised release of three years on each count to be served

11   concurrently pursuant to 18 U.S.C. Section 3624(e) for a total

12   term of supervised release of three years.

13             Supervised release shall include the mandatory,

14   standard and special conditions as noted in the presentence

15   report and the Court's standing order 2017-02.

16             The Court is advising you have the right to appeal

17   the conviction and sentence in this case.  If you should

18   decide to appeal your conviction -- should you decide to

19   appeal your conviction and sentence you must file a notice of

20   appeal or request the Clerk of Court to file a notice of

21   appeal on your behalf within 14 days of judgment being entered

22   in your case.  If you are unable to afford the cost of any

23   appeal you have the right as the Court to waive the normal

24   cost and/or appoint counsel to represent you.

25             Now that the findings of the Court have been made

1   and sentence imposed are there any objections to the sentence

2   as to the finding of facts or conclusions of law other than

3   those already stated for the record?

4           Do you want to know what the sentence was

5   specifically, is that what you're asking?

6           THE DEFENDANT:  I was attempting to write it but you

7   were speaking --

8           THE COURT:  Well, I wanted to read the entire thing

9   because you might have some additional questions.

10          THE DEFENDANT:  Are you able to start back at --

11          THE COURT:  The main thing you need to understand is

12  that the term of imprisonment is 230 months.  And because

13  there are so many Counts here and because there are limits of

14  what can be sentenced, statutory limits, we have somewhat of a

15  more complicated sentencing instruction than we normally have.

16          But, anyway, the guideline sentence for Counts 10

17  through 19 is 60 months.  The guideline sentence for Count 20

18  is 120 months.  The sentence for 1 through 9 is 230 months.

19  Counts 10 through 19 is 60 months to be served concurrently.

20  Count 20, 120 months, for a total imprisonment of 230 months.

21          In this particular case I agree with the government

22  that this is really an outrageous crime.  I think it takes a

23  very significant sentence to reflect the seriousness of the

24  offense and to promote the respect for the law.

25          And the thing about this case, it's kind of unusual,

1    for promoting the respect for the law ties back into another

2    consideration and that is your history and characteristics and

3    that from the very beginning, the first hearing in this case,

4    all the way to this afternoon, you have completely

5    disrespected this Court and the law that applies to you, the

6    procedures that apply.

7            I have repeatedly told you what was an adequate

8    defense, what you could do in sentencing, how you could try

9    your case and you are completely opposed to any of that.

10           As far as I know, when you get out you might go

11   right back to doing the same thing.  So I think there is a

12   substantial need for an adequate deterrence here and I think

13   that this Court needs to protect the public from further

14   crimes.

15           So, there you go.

16           THE DEFENDANT:  Am I able to speak?

17           THE COURT:  You are.  Go ahead.

18           THE DEFENDANT:  I would like to humbly apologize to

19   Your Honor for any disrespect that you feel or believe that I

20   have caused you or your court.  I humbly apologize to you.

21           THE COURT:  All right.  Anything further?

22           MS. FREEMAN:  Yes, Your Honor, regarding the

23   forfeiture.  The government filed a motion for the issuance of

24   a preliminary order of forfeiture for a money judgment against

25   the Defendant in the amount of $3,242,388.85 representing the

1    proceeds not already levied by the IRS.

2          We request the preliminary order be entered in

3    accordance with Rule 32.2(b) and that the forfeiture be orally

4    announced and referenced in the judgment.

5          And just to follow up, I know in the indictment we

6    had had the piece of real property that we did not do the

7    bifurcated proceeding on with the jury.  The IRS is still

8    processing that through the suit of foreclosure so no further

9    action is needed on the forfeiture.

10         THE COURT:  Do you have something for me to sign?

11         MS. FREEMAN:  Yes, Your Honor.  It was

12   electronically filed and we provided a copy to the Defendant

13   and we can bring up a copy for you to physically sign now if

14   you would like.

15         THE COURT:  Okay.  So the forfeiture is the amount

16   of $3,242,388.85 and that is directly related to the crimes

17   for which he has been convicted.

18         Anything further?

19         MS. FREEMAN:  Not from the government, Your Honor.

20         THE DEFENDANT:  I did not receive a copy of that.

21         THE COURT:  I thought you gave him a copy.

22         MS. FREEMAN:  Yes, Your Honor, we gave it to the

23   Marshals to serve on him.

24         MARSHALL:  The Deputy has it sir, he's going to

25   serve him when we leave court.

```
1              THE DEFENDANT:  Am I able to --

2              MARSHALL:  You're going to get a copy.

3              THE COURT:  Yes.

4              THE DEFENDANT:  Would you allow me to --

5              THE COURT:  Let me make sure I understand.  Stand

6    over there, if you would, and talk in the microphone, please,

7    so we can hear you.

8              MARSHALL:  The other deputy that took the other

9    person back out to the van he has the paperwork and we're

10   going to serve him when we take him back through here, sir.

11             THE COURT:  I see.  Let's do this.  We're going to

12   adjourn for a few minutes.  I want you to let him read it and

13   I'm going to talk to Ms. Jarrett and Mr. Morrison back in my

14   office while he has the opportunity to read that.

15             CSO OFFICER:  All rise.

16    (Recess)

17             THE COURT:  Mr. Mattox, I'm giving you the

18   opportunity to review the forfeiture notice and that is just

19   standard in a case like this.

20             THE DEFENDANT:  Your Honor, I would like to tender

21   both of these to the Court to be filed in the record, please.

22             THE COURT:  If you will pull your mask down.

23             THE DEFENDANT:  I apologize.  I would like to tender

24   both of these to the Court to be filed in the record, please.

25             THE COURT:  Okay.
```

1            THE DEFENDANT:  Thank you, Your Honor.  Am I able to

2    get a copy at your convenience, please?

3            THE COURT:  Have we already made that a part of the

4    record or is that something new?  (Discussion with law clerk).

5            THE DEFENDANT:  Thank you, Your Honor.

6            THE COURT:  That's it, right?

7            MS. FREEMAN:  Yes, Your Honor.

8            THE COURT:  Thank you.

9            CSO OFFICER:  All rise.

10

11                    (Proceedings concluded at 1:47 p.m.)

12                         END OF RECORD

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                 CERTIFICATE OF OFFICIAL REPORTER

 2

 3          I, Tammy W. DiRocco, Federal Official Court Reporter,

 4    in and for the United States District Court for the Middle

 5    District of Georgia, do hereby certify that pursuant to

 6    Section 753, Title 28, United States Code, that the foregoing

 7    is a true and correct transcript of the stenographically

 8    reported proceedings held in the above-entitled matter and

 9    that the transcript page format is in conformance with the

10    regulations of the Judicial Conference of the United States.

11

12                         Dated this 7th day of November, 2022

13

14                         Tammy W. DiRocco

15                         _____
                           Tammy W. DiRocco CCR, CVR
16                         Federal Official Court Reporter

17

18

19

20

21

22

23

24

25
```